W. E. CONDICT, Respondent, v. HENRY C. FLOWER, Appellant.

Kansas City Court of Appeals, January 18, 1892.

Trusts and Trustees: DEED OF TRUST: ATTORNEY'S FEE : PARTNER. The trustee in an ordinary deed of trust is entitled to only necessary and reasonable charges and expenses, and is not entitled to an attorney's fee for writing the notice of sale, nor can he employ his partner to do such writing ; neither can his firm charge therefor.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Henry C. Flower*, for appellant.

(1) The first question in this case is, whether a trustee under the deeds of trust used in this state can employ an attorney to draw up the notice of sale provided therein, and if he does so employ an attorney, whether he is entitled to be reimbursed out of the proceeds received at the sale for the amount he paid said attorney for drawing up said notice. On this point I think there can be no question but, if the charge is reasonable, that he is entitled to be reimbursed out of the proceeds of the sale for the amount so paid out. It is a well-settled rule of law that a trustee, while acting under a general trust, is entitled to be allowed for all

disbursements and for all charges and expenses which he in good faith thinks proper to pay ; and this independent of any statute or contract. Jones on Mortgages, secs. 1923, 1924, and note ; *Young v. Bush*, 28 N. Y. 672 ; *Lowe v. Morris*, 13 Ga. 169. (2) And attorney's fee for preparing notices of sale is a proper charge, and the trustee has a right to be reimbursed for moneys so paid out. 2 Jones on Mortgages, secs. 1923, 1924 ; Wiltsie on Mortgage Foreclosure, sec. 875 ; *Marsh v. Morton*, 75 Ill. 623 ; *Clark v. Knox*, 70 Ala. 70 ; 45 Am. Rep. 97. If the power provides that the trustee may retain all costs and expenses of sale, he may retain a reasonable sum for legal advice respecting it, and also for his own time and trouble. *Varmin v. Meserve*, 8 Allen ( Mass.) 158 ; *Allen v. Robbins*, 7 R. I. 33 ; *Bank v. Phelteplace*, 8 R. I. 56 ; *Harris v. Parker*, 41 Ala. 624 ; *Pickens v. Pickens*, 35 Ala. 452 ; *Mayer v. Galluchat*, 6 Richardson Eq. 2. (3) Most of the cases go further than the case at bar, and hold that where the trustee himself, being a lawyer, renders professional services, he is entitled to such reasonable compensation, in addition to his commission allowed by law, as he would have paid had he employed counsel. *Lowrie's Appeal*, 2 Grant's Cases ( Sup. Ct. Penn.) 373 ; . *Wendell v. French*, 19 N. H. 210 ; *Blake v. Pegram*, 109 Mass. 553; *Perkin's Appeal*, 108 Penn. St. 314; s. c., 56 Am. Rep. 208 ; *Fulton v. Davidson*, 3 Heiskell ( Tenn.) 643 ; *Clark v. Knox*, 70 Ala. 607 ; 45 Am. Rep. 97. (4) When an administrator in good faith procures the aid and advice of counsel, paying him what is reasonable, he should be allowed credit for such compensation ; and when the executor or administrator is an attorney or solicitor, and in either capacity renders professional services, he is entitled to compensation for such services. *Morgan v. Nelson*, 43 Ala. 586 ; *Ivy v. Coleman*, 42 Ala. 418; *Bank v. Martin*, 3 Md. Ch. 224 ; *Post v. Mackall*, 3 Bland's Ch. Rep. 129 ; *Shirley v. Shattuck*, 6 Cushman, 26 ; 28 Miss. 25.

*Buler & Timmonds*, for respondent.

( 1 ) The preparation of the sale notice is one of the duties of the trustee; and, where he can easily perform the services required by his trust, good faith on his part requires that he do it. "Trustees cannot claim compensation on account of any unnecessary or self-imposed duties, or of any expenses other than such as are reasonably and properly incurred in the execution of their trusts." Perry on Trusts, sec. 904, and cases cited; *Tracy v. Railroad*, 13 Mo. App. 295; s. c., 84 Mo. 210; *Gamble v. Gibson*, 59 Mo. 585. ( 2 ) The statute fixes the compensation of trustees for selling property at auction, and provides a penalty for taking any larger compensation. R. S., secs. 7101, 7102. ( 3 ) When a guardian is an attorney and counselor-at-law, he cannot charge for professional services rendered in the affairs of his ward, but is restricted to the statutory allowance. Neither an order of a surrogate, before the services are rendered, directing the performance thereof and fixing the extra compensation, nor an order ratifying and allowing it, will legalize the charge. *Morgan v. Hannas*, 49 N. Y. 667. Where a trustee was a counselor-at-law, he was not permitted to charge counsel fee. *Green v. Winter*, 1 Johns. Ch. 27. A trustee will not be allowed for attorney fees unnecessarily incurred. *Holcomb v. Holcomb*, 2 Beav. 415; *Beatty v. Clark*, 20 Cal. 11.

GILL, J.—Defendant was trustee in an ordinary deed of trust on real estate, given to secure the payment of money. Default having been made in the payment of the debt, the trustee advertised and sold the land pursuant to the terms of the deed of trust. Plaintiff had become the assignee of the grantor in the deed of trust, and as such was entitled to receive the surplus left out of the proceeds of the sale, after the payment of the charges and expenses made or sustained

on account of the trust, and the payment of the debt and interest. At the trustee's sale the land brought $1,138. Out of this sum the trustee paid $1,032.42, in full of the debt and interest; $14 to the printer for advertising the sale; $10, traveling expenses for the trustee; retained $21 as full compensation for his services as trustee; and retained $25 additional as attorney fee for the law firm of Flower & Baird (of which firm he was a member) for preparing the trustee's sale notice. Plaintiff made a written demand on the trustee for the payment to him of the sum of $60.58, as the overplus due him, denying the right of the trustee to keep out for or to pay to the said firm of Flower & Baird the sum of $25, or any sum, as attorney's fee for preparing said notice of sale. Thereupon the trustee paid over to plaintiff the sum of $35.58, claiming that sum to be the overplus in his hands, still retaining the $25 for attorney's fee.

The only question in this case is as to the right of the trustee, after taking out his expenses and his commissions, to retain the further sum of $25 as attorney's fee for the firm of Flower & Baird, of which firm he was a member.

The suit was originally instituted before a justice of the peace where plaintiff obtained judgment for $25. Defendant appealed to the circuit court, where plaintiff again had judgment for $25 and he now brings the case here by appeal.

I. The judgment in this case was clearly for the right party, and will be affirmed. It may be well claimed that, had defendant Flower employed some attorney in no way connected with himself, even then he ought not to be allowed for an amount paid for writing the notice of sale. In that event such expense might well be regarded as needlessly incurred. Even where the trustee is allowed for such expenditures as this, it must appear that they were *necessary*, and that such costs and charges were made in good faith, "with an eye

single to the best interests of the estate, and such as a discreet and judicious man would have made in a matter of his own individual interest." *Shirley v. Shattuck*, 28 Miss. 27 ; 2 Perry on Trusts, sec. 910.

The deed of trust under which defendant was acting only authorized him to pay out of the trust fund the *necessary* and *reasonable* charges and expenses including the expense of advertising, etc.   We all know how simple and easy the task is to write the notice of sale by a trustee under the ordinary terms of a deed of trust to sell land in payment of a debt.   And to allow this claim, thus made by defendant trustee, who, himself a lawyer, yet lets the job to his partner, would be to encourage rather than condemn bad faith in the trustee, who is supposed to look with an "eye single to the best interests" of his grantor.

But still more than this ; even conceding the necessity of employing an attorney to draw up the notice of sale, still this will not sustain the defendant in himself performing the service at the expense of the estate.   For his services, the law has made provision in the way of a commission, which this defendant received.   See *Gamble v. Gibson*, 59 Mo. 593.

"This rule is so strict," says Wagner, J., in the above case, "that it has been held that, if the trustee has a partner and employs such partner, no charge can be made by the firm."   See two authorities cited in this *Gamble case*, bottom page 593 ; also, *Morgan v. Hannas*, 49 N. Y. 667.   The rule is the same whether the trustee assumes to employ himself as attorney or engages the firm of which he is a member.   In either case the claims for such extra compensation will be disallowed.   *Collins v. Carey*, 2 Beav. 128.   Trustee only can be allowed "costs out of the pocket" in such cases.   *Christopher v. White*, 10 Beav. 523.

Judgment affirmed.   All concur.