Harold Wayne WILLIAMS,
Respondent-Appellant,

v.

Nancy Lou WILLIAMS,
Petitioner-Respondent.

No. KCD28149.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

John J. Phillips, Independence, for respondent-appellant.

W. R. Schelp, Bradley, Skelton & Schelp, Lexington, for petitioner-respondent.

Before SHANGLER, P. J. and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The court granted dissolution on the petition of the husband—and against the denial of the wife—that the marriage was irretrievably broken. The decree also divided the marital property and entered awards for child support and maintenance. The custody of the two children of the marriage was given over to the wife without contest.

The wife appeals the judgment on the contentions that (1) the evidence was insufficient to prove the marriage was irretrievably broken; (2) the division of the marital property was disproportionately favorable to the husband and (3) the award of child support was insufficient.

The couple were married for some fifteen years before separation and dissolution. He was employed as a United Parcel Service delivery driver and earned gross wages of some $16,500 during the last year of marriage. She was employed at Remington Arms Company and earned the gross annual wage of $9,000. There was an expected income of about $4,000 per year from the operation of a farm owned by them both.

The couple purchased a home on Lake Tapawingo soon after their marriage for $12,500 on which $6,800 remains to be paid. They later acquired a one-hundred thirty-five acre farm in Lafayette County for $63,000. That purchase was financed by a loan from a savings and loan association of $52,000 and an $8,000 loan from the parents of the husband. There remains to be paid $50,000 to the savings and loan institution and the full $8,000 to the parents. They also accumulated farm equipment, vacation paraphernalia, and other personal property. The wife accumulated $720 in a thrift plan from money deducted monthly from her wages. Also, the couple owned an interest in an Investor Stock Fund valued at $1700.

The farm implements and livestock were sold at public auction [apparently in contemplation of marital dissolution] and the $6,000 proceeds were divided between them. The wife established a savings account with her share and $2,000 remained at the time of dissolution. The farm itself was not sold at the auction. The best offer for the land was $400 per acre, less than the $450 per acre they believed to be the acceptable value of the land. The farm land has been planted with forty-five acres of beans at a cost of $1757.50 from which the husband hoped to reap a net profit of $4,000.

The husband described the marital difficulties which began some six years before when the wife began a course of nocturnal conduct which kept her away from home and which returned her to the home in the early morning hours. The marriage continued to deteriorate; she constantly criticized him; they disagreed on the discipline of the children, and her extravagance kept him at constant toil. Her sexual ardor so diminished that she showed more affection to other men than to him.

The testimony of the wife and of her witness, Robert John Sander, tended to corroborate some of these contentions. Sander and his wife had been regular social companions of the Williams couple, the litigants here. Sander, himself, admitted that for the past years, he and Nancy Williams had been affectionate with each other, with open embraces and kisses, and even a shared bed. Mary Ellen Sander, on the other hand, had avowed her love for the husband here, Harold Williams, and at the time of the dissolution hearing, had initiat-

ed her own proceeding to terminate the Sander marriage. It is evident from the countervailing evidence that each of the Williams couple had alienated their affection to another.

On this evidence the court found the Williams marriage irretrievably broken. Without need for recapitulation, we find this evidence supports the determination of the trial court that the marriage was irretrievably broken and that the denial of this contention by the wife was overcome by the proof required by § 452.320.2(1)(b), RSMo Supp.1975, that

the [wife] has behaved in such a way that the petitioner cannot reasonably be expected to live with the [wife].

The wife next contends that the manner in which the marital property was divided constituted an abuse of discretion. The description of the property divided and the range of value attributed by the evidence are:

### To the Wife

| | |
|---|---|
| Lake Tapawingo property $14,000-$15,000 less $6800 encumbrance | $7200-$8200 |
| Investor Stock Fund | $1700 |
| 1971 Buick - $1800-$2100 less $1500-$1650 encumbrance | $ 300-$450 |
| Household Furniture and Appliances | $2500 |
| Thrift Plan Account | $ 720 |
| Savings Account | $2000 |
| Boat and motor | $ 325 |
| Total | $14,745-$15,895 |

### To the Husband

| | |
|---|---|
| Lafayette County Farm $60,750 less $58,000 encumbrances | $2750 |
| 1971 Chevrolet Pickup Truck | $1800-$2400 |
| Pickup Camper | $ 350 |
| 1967 Ski Barge Boat, etc. | $1000 |
| Hand Tools and Guns | $ 800-$1000 |
| John Deere Garden Tractor | $ 200 |
| Total | $6900-$7700 |

The wife contends this division improperly includes her savings account and improperly excludes the anticipated profit from the harvest of beans on the farm property. Her first criticism is valid. The $2000 in savings derived from the auction of their farm goods and represents a division already made by their mutual agreement, and so not separately subject to the reassessment on the dissolution of marriage. Her second criticism is more uncer-

tain, because the profits from the bean crop on the farm land allocated to the husband were merely an expectancy at the time of judgment. Moreover, only the husband made the necessary investment for seed and fertilizer and the harvest would be possible only by his toil. If these arguments are allowed, nevertheless, the apportionment which results would be equivalent to $12,745—$13,895 for the wife and $10,900—$11,000 for the husband.

We do not find the conduct of the husband less worthy than that of the wife [as she suggests], so as to be an element of weight in the division of property according to § 452.330.4. The award of the trial court accorded with the guides of the statute, including consideration of the conduct of the parties during the marriage. The exercise of that discretion was sound and will not be disturbed. *In re Marriage of Simpelo,* 542 S.W.2d 558, 561[7, 8] (Mo.App.1976).

The wife contends, finally, that the award of $125 per month for the support of each child is unreasonable in view of the earnings of the husband and the duty of primary support which the law imposes upon him. She complains that her requirements for the children are more nearly $400 per month for the two children, but confesses to gaps in the evidence to prove this need. Her recitation of costs for the items of support, such as clothing and rent are obviously exaggerated, or at least subject to more careful management. The spendable earnings available to the wife from employment are $590 each month and the award allows additional support of $250. This total reasonably satisfies the needs of her family.

The husband earns a net of about $200 each week and may be expected to enjoy whatever profit may be gained from the farm enterprise. His farm land is subject to a mortgage obligation of about $400 each month, and the court must have assumed that he would need the balance of his income to purchase furniture—since the wife was awarded the household goods—and to meet the ordinary expenses of his own living. We believe that the award for child

support is faithful to the considerations of § 452.340 and falls within the discretion of judgment allowed by that section.

The judgment is affirmed.

All concur.