Charles C. VADNAIS, Jr., Appellant,

v.

Rosemary J. VADNAIS, Respondent.

Nos. 28904, 28994.

Missouri Court of Appeals,
Kansas City District.

Aug. 29, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 12, 1977.

Application to Transfer Denied
Nov. 14, 1977.

Wm. Harrison Norton, Jr., Norton & Pollard, Inc., Kansas City, for appellant.

Cleaveland, Macoubrie, Lewis & Cox, David P. Macoubrie, Chillicothe, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from that part of decree in dissolution of marriage which apportioned marital property and awarded attorney's fees to respondent. The questions are whether the property was marital property; whether respondent was without sufficient means to pay attorney's fees, and whether the fees awarded were excessive. Affirmed.

The parties were married December 31, 1952, and separated June 16, 1975. They had three children, one of whom, Chad, age 13, is unemancipated.

During the marriage, the parties engaged in a farming operation which included grain, custom work, and livestock. Their operation was conducted on and involved three tracts of land. A 90 or 92–acre tract of land was received by Mr. Vadnais from his father prior to the marriage. No consideration was paid for the deed. A 292 to 300–acre tract was acquired by Charles C. Vadnais, Jr., and Rosemary Vadnais, husband and wife, in 1958, from Charles Vadnais (Sr.), Raymond Vadnais and Gertrude Harper and their spouses. Mr. Vadnais stated that he paid nothing for the land, but he and his wife obtained an "operating" loan from FHA. He also stated that only his father's part came by gift; that he could not say whether he had paid anyone; that he could not find any payment check; that he did not know what use was made of the FHA loan proceeds; that he could not say that he was not out money for purchase of the 292 acres; that there was $26.40 in revenue stamps on the deed; that Gertrude Harper was paid for her interest. A 22–acre tract was acquired by Charles C. Vadnais, Jr., and Rosemary Vadnais, husband and wife, in 1973. They paid $7,500 for the tract, and various improvements were made to it including placement on it of a "double-wide" mobile home.

In 1973 the 90 or 92–acre tract and the 292 to 300–acre tract were sold by the parties as a 383–acre farm for $145,000. The parties' home, a 1500–square-feet modern dwelling built on the smaller tract after the marriage went with the farm. Mr. Vadnais received a down payment of $45,000 which, after deduction of five per cent commission on the sale price, netted him approximately $38,000. The purchaser also assumed and agreed to pay a balance of $33,000 to $35,000 owed on a mortgage against the farm. The balance of the purchase price was represented by a promissory note payable to Charles C. Vadnais, Jr., and Rosemary Vadnais as joint tenants or as husband and wife. Subsequent payment of the note was deposited by the parties in two escrow accounts of $37,225.84, one in Citizens National Bank of Chillicothe and the other in Community Bank, both in the joint names of Charles C. Vadnais, Jr., and Rosemary Vadnais, husband and wife. The other indebtedness was paid at the same time.

The 22–acre tract with mobile home was valued at $50,000 by Mr. Vadnais, and by other witnesses at various sums, e. g., $50,000, $35,000 to $40,000, and $34,000.

Appellant stated that as of June, 1973, after the farm sale, he no longer owed money to the Bank of Gallatin and, after November 15, 1973, no longer owed the Community Bank. In 1973, he sold machinery accumulated during the marriage for $28,000, received $57,407.67 from the sale of swine, and $9,444.54 from the sale of grain. In 1974 he received $946.62 from the sale of swine, $31,443.72 from the sale of grain, and $28,000 from the sale of machinery. These plus additional smaller sums totalled $184,036.41, part of which he gave away in bonds to his children and friends, and part of which he took for his own use.

After sale of the farm, the parties moved to Florida where Mr. Vadnais became employed by a ranching corporation at a salary of $11,000 per year and living accommodations. Mrs. Vadnais became unhappy with the situation in Florida and returned to the home on the 22–acre tract in Missouri. Mr.

Vadnais acknowledged that Rosemary had been a good wife until the time in Florida. He complained, however, that she saw too much of their mutual friend, Sonny Roberts, during the later years in Missouri. Mrs. Vadnais detailed similar concern for her husband's admitted fondness for Arlene Skinner.

Suit was instituted by Mr. Vadnais, Mrs. Vadnais answered and filed a cross-petition. Mrs. Vadnais testified that she had no income or assets with which to pay attorney's fees for trial and appeal, and suit and appeal costs. She requested that she be awarded the 22–acre tract and home because she had no place to go and Chad wished to stay with her and live there.

Among other things not in question, the court divided marital property by giving each of the parties one of the escrow accounts in sum $37,225.84, awarded Mrs. Vadnais custody of the minor child, and gave her the 22–acre tract and home free of $4,000 debt ordered paid by Mr. Vadnais.

Counsel stated he had devoted 60¾ hours through trial toward representation of Mrs. Vadnais, and the court awarded her attorney's fees of $3,100. After Mr. Vadnais took this appeal, the court allowed Mrs. Vadnais an additional $2,500 for attorney's fees and $500 for the brief in response to her husband's appeal.

Appellant contends the court erred in determining that the two farm tracts that were sold were marital properties, and thus the division of the proceeds of the sale of the two tracts equally between the parties was erroneous for the reason the division was not supported by the evidence and is an erroneous application of Section 452.330, RSMo 1969, governing disposition of property.

Appellant argues that the 90 or 92–acre tract was a gift from his father prior to his marriage; and that the 292 to 300–acre tract was a gift from his father, uncle and aunt to him alone after his marriage. Hence, the proceeds from the sale of both tracts should have been set off to him as his separate property acquired by gift.

The difficulty in appellant's position is that the court was not required to and

did not make a determination whether the two tracts of land were marital property. At the time of division of marital properties there was no such property standing in the name of either of the parties. Instead, the court had for its consideration the division of two escrow accounts of equal value deposited by both parties in the names of both parties as husband and wife representative of payment of a promissory note payable to them as husband and wife. Such was presumptively marital property and the presumption is not conclusively overcome. Accordingly, the court properly determined the escrow accounts to be marital property and the equal division between the parties was appropriate. *Forsythe v. Forsythe*, 558 S.W.2d 675 (Mo.App.1977).

Appellant charges the awards to Mrs. Vadnais of attorney's fees were erroneous and not allowable because she was possessed of sufficient means of her own to finance litigation, the awards were not supported by evidence, and were excessive. He argues that Mrs. Vadnais was not entitled to attorney's fees because she had been awarded a certificate of deposit and the 22–acre tract as marital property; that there was no evidence of reasonableness or time involved, and that the fees awarded were so "substantial" as to be excessive.

Appellant's argument overlooks the evidence of the income and expenses of Mrs. Vadnais, her testimony that she did not have funds with which to pay her attorney's fees, the income of Mr. Vadnais, the predissolution division of marital properties made by Mr. Vadnais, the value of the properties held by the parties, the number of hours expended by her attorney through trial and the time and expertise required of her lawyer at both trial and appeal stages of this litigation. The trial judge is an expert on the matter of reasonable value of legal services rendered, *Cascio v. Cascio*, 485 S.W.2d 857 (Mo.App.1972); and the allowance made comports with the criteria established for attorney's fees awards, *First National Bank v. Danforth*, 523 S.W.2d 808, 823 (Mo.1975).

Appellant charges the court erred in the division of marital property "by ignoring

the scandalous and improper conduct" of Mrs. Vadnais during the marriage and thus erroneously failed to apply the provision of Section 452.330, supra.

Section 452.330.1(4) requires that in making division of marital property, the court shall consider "all relevant factors including: * * * The conduct of the parties during the marriage." The decree demonstrates adherence to this requirement in that it recites that the division of marital property was made "after considering all relevant factors"; and upon this review the conduct of the wife does not appear any less worthy than that of the husband so as to be an element of weight in division of marital property according to the statute. The division made by the court accorded with provisions of the statute, including consideration of the conduct of the parties during the marriage, and will not be disturbed. *Williams v. Williams*, 548 S.W.2d 224, 226 (Mo.App.1977); *Conrad v. Bowers*, 533 S.W.2d 614, 624 (Mo.App.1975).

Judgment affirmed.

All concur.