Isadore R. KACZMARCZYK,
Petitioner-Appellant,

v.

Betty D. KACZMARCZYK,
Respondent-Respondent.

No. 41268.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 2, 1980.

Robert T. Ebert, Clayton, for petitioner-appellant.

Gary J. Morris, Clayton, for respondent-respondent.

CRIST, Judge.

Husband petitioned for dissolution of his marriage and now appeals the trial court's judgment which provided for distribution of the marital property and which further allowed respondent $1,000.00 in attorney fees. We affirm.

There were but two assets which required distribution: The family home in Ohio, valued between $34,730.00 and $39,730.00; and, a $3,600.00 pension arising from husband's employ. By virtue of the trial court's order, husband received the pension and wife, the house. Husband bemoans what he portrays as an inequitable 90% property award to wife and submits that the award was so inordinately disproportionate as to constitute an abuse of discre-

tion, particularly in the absence of evidence tending to show marital misconduct. Husband also contends that the trial court further abused its discretion by awarding wife $1,000.00 in attorney fees when the evidence allegedly demonstrated her ability to pay these fees herself.

The specific issue for our determination is whether the trial court's order of distribution was fair, equitable and within the design of § 452.330 RSMo 1975 Supp. At first blush, it must be admitted that the distribution order appears somewhat one-sided. However, ever-mindful of the import of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), we are constrained to scrutinize the factual arrangement more closely.

Examination of the record discloses that the parties were married in Ohio, had four children, and separated in 1970. Husband, employed by Goodyear Tire and Rubber Company for the last thirty-three years, was transferred to Virginia but wife refused to accompany him due to then existing marital problems. She instead chose to remain in Ohio with the couple's two unemancipated children and began work as a laborer. Husband was eventually transferred to Missouri where he initiated the present action. At the time of trial, all children were emancipated and wife was living in the Ohio family home.

Husband testified that beginning in 1971, he paid $50.00 per month for support of each of his two unemancipated children and, that he continued these payments until his daughter married in 1973 and his son began college in 1975. In addition, husband testified that he paid $100.00 per month for eighteen months directly to his son in furtherance of his education. Thus, wife received $3,600.00 as child support for both children from 1971 through 1973, and $1,200.00 exclusively for her son in 1973 and 1974. She received none of the aforementioned $1,800.00 that husband paid directly to his son for educational expenses. Husband also continued to pay the insurance, taxes and monthly installments on the Ohio home, but furnished little else by way of family maintenance and support after the separation.

In order to better facilitate comparison of the parties' respective earning capacities, a simple, comparative income index follows:

| YEAR | HUSBAND'S INCOME | WIFE'S INCOME |
|------|------------------|---------------|
| 1972 | (approx.) $12,000 | $6,063 |
| 1973 | (approx.) $13,000 | $6,073 |
| 1974 | $14,006 | $7,086 |
| 1975 | $15,111 | $3,600 |
| 1976 | (approx.) $17,000 | $6,589 |
| 1977 | $19,133 | $9,335 |

Although wife's answer to husband's petition demanded maintenance and additional child support, her proof on these issues was wanting. However, the trial court could well have determined the distribution to her was justifiable considering the present and past disparity of their incomes, her age of 53, the amount of money husband had paid since their separation for maintenance, lack of future maintenance, and the fact that wife had assumed full responsibility for herself and the two children since 1971. All of the above was in evidence and of proper concern to the trial court as factors to be weighed in making its award. As no findings of fact nor conclusions of law were requested, all fact issues are deemed to accord with the result. See *Halbrook v. Halbrook*, 557 S.W.2d 45, 46 (Mo.App.1977).

Husband next argues that wife should be required to pay her own lawyer. The allowance of attorney fees, much like the division of marital property, is peculiarly within the discretion of the trial court and not subject to interference on appeal unless there has been an abuse of discretion. *Vadnais v. Vadnais*, 558 S.W.2d 249, 252 (Mo.App.1977). Given the parties disparate economic capabilities, evidenced by the inequality of incomes as well as wife's testimony that she was unable to accumulate money during their separation, no abuse of discretion is apparent. *In re Marriage of Ebinger*, 573 S.W.2d 738, 742 (Mo. App.1978).

Judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.