James F. MURPHY and Mike Murphy, Plaintiffs-Respondents,

v.

Lawrence E. GRISHAM and Frances M. Grisham, his Wife, Defendants-Appellants.

No. 12190.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 24, 1981.

Peter H. Rea, Branson, for plaintiffs-respondents.

Ivella McWhorter Elsey, Robert M. Sweere, Springfield, for defendants-appellants.

PREWITT, Presiding Judge.

Plaintiffs sought a deficiency judgment following the foreclosure of a deed of trust on real estate which secured the payment of a promissory note they held. Defendants counterclaimed, seeking to set aside the foreclosure sale. The trial judge entered judgment in plaintiffs' favor on their petition and denied defendants' counterclaim.

Defendants here contend that the trial court erred: 1) in awarding plaintiffs an amount equal to 25% of the unpaid balance of the note as attorney's fees "BECAUSE SUCH AN ATTORNEY FEE IS UNREASONABLE AND UNCONSCIONABLE IN THAT THE FEE IS CLEARLY EXCESSIVE IN VIEW OF THE TIME AND LABOR INVOLVED, THE DIFFICULTY OF THE QUESTIONS PRESENTED, THE CUSTOMARY CHARGES AND THE AMOUNT INVOLVED", and 2) "IN LIMITING DEFENDANTS' EVIDENCE REGARDING COMPARABLE LAND SALES TO THE PERIOD OF MID-JULY TO MID-AUGUST OF 1980 WHEN THE LAND AT ISSUE WAS FORECLOSED ON AUGUST 4, 1980 ... IN THAT EVIDENCE OF SALES OF PROPERTY SIMILARLY LOCATED TO THAT INVOLVED REASONABLY NEAR THE TIME OF TAKING IS ADMISSIBLE TO SHOW THE INSUFFICIENCY OF THE CONSIDERATION PAID BY PLAINTIFFS FOR THE FORECLOSED REAL ESTATE."

We first consider defendants' point one. The original amount of the note was $120,000. It provided that defendants agreed "to pay all costs of collections, including a reasonable attorney's fee if payments are not paid at maturity. and agree that such a fee would be 25%". The note was on a printed form and the quoted portion after "maturity." was added by typewriter. No principal payments were made on the note. Plaintiffs purchased the property for $60,000 at the foreclosure sale. After expenses, the sale netted $59,462.90, which was applied toward payment of the note. The trial court determined that the principal and interest due on the note at the time of judgment was .$72,383.16 and added to the

judgment 25% of this, $18,095.79, for attorney fees.

■ Provisions in a note providing for attorneys fees based on a specified percentage of the note are valid. *American Savings Bank v. Sutton*, 204 S.W. 572 (Mo.App. 1918); Annot., Validity of provision in promissory note or other evidence of indebtedness for payment, as attorneys' fees, expenses, and costs of collection, of specified percentage of note, 17 A.L.R.2d 288, 290 (1951). A party contending that an attorney fee provision in a note is unreasonable must plead and prove it. *American Savings Bank v. Sutton*, supra, 204 S.W. at 573. See also Annot., supra, 17 A.L.R.2d at 303; Annot., Necessity of Introducing Evidence to Show Reasonableness of Attorneys' Fees Where Promissory Note Provides for Such Fees, 18 A.L.R.3d 733, 745–746 (1968). Defendants pled that 25% of the note's balance would not be a reasonable attorney's fee but offered no proof contesting it. In their brief here they contend that because this matter involved a "standard foreclosure", the filing of a petition in this case, filing a reply and "assorted suggestions" and a trial of less than one day, the fee is "excessive, unreasonable and unconscionable as a matter of law."

■ In determining the reasonable value of legal services, the time taken is one element to consider but it may be of minor importance; other considerations are the nature, character and amount of the services rendered, the nature and importance of the litigation or business in which the services are rendered, the degree of responsibility imposed on or incurred by the attorney, the amount of money or the value of the property involved, the degree of professional ability, skill and experience called for and used and the result produced. *Scott v. Home Mutual Telephone Co.*, 510 S.W.2d 793, 795 (Mo.App. 1974). See also Rule 4, DR 2–106. Our experience and examination of various decisions, including those cited in the briefs and many of the ones discussed in the above referred to annotations, as supplemented, convince us that the reasonableness of an attorney's fee has to

be determined on the facts of each particular situation.

■ Here there was $120,000 plus interest due on the note when collection proceedings were instituted by the attorney. He was responsible for preparing documents necessary to foreclose the deed of trust on the real estate in a proper manner. That foreclosure was challenged and found proper by the trial court. This suit was instituted and prosecuted successfully. The record does not show that plaintiffs' attorney's efforts were limited to the matters claimed in defendants' brief. There was no direct evidence as to what he had done or would have to do in the future. Evidence as to what time he has expended thus far, or what efforts or time will be necessary in the future was not presented. After this appeal, considerable additional effort may be required to collect the note.

The trial judge is an expert on the reasonable value of legal services, *Vadnais v. Vadnais*, 558 S.W.2d 249, 251 (Mo.App. 1977). He presided over preliminary matters and the trial and was in a better position than we are to determine the value of legal services. We cannot say that defendants have established as a matter of law that the fee is unreasonable. Point one is denied.

Defendants' second point contends that the trial court improperly limited their appraiser's testimony to comparable land sales from the middle of July to the middle of August 1980. The property was foreclosed on August 4, 1980. Defendants pled that the foreclosure sale was invalid because the property sold for an "insufficient" price and claim that the court's ruling excluded evidence that would bear on this issue.

■■ We cannot determine whether defendants were prejudiced by this ruling as they made no offer of proof. Generally, an alleged error in refusing evidence is not preserved for review unless an offer of proof is made by the party seeking to introduce the evidence which sufficiently demonstrates the relevance of the testimony. *State v. Powers*, 613 S.W.2d 955, 959 (Mo.

App. 1981). No exception to this general rule is shown here. We cannot tell from the record what, if any, evidence of comparable land sales was prevented by the court's ruling or if that evidence would have been relevant to the value of the foreclosed property on its date of sale. Point two is denied.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.