**Bonnie L. PUCKETT, Respondent,**

v.

**William B. PUCKETT, Appellant.**

**No. 44620.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Champ C. Stonebraker, St. Louis, for appellant.

John A. Layton, Cape Girardeau, for respondent.

REINHARD, Presiding Judge.

Husband appeals from a provision of a decree of dissolution requiring him to pay $5,000.00 to wife to equalize the distribution of marital property. We affirm.

Husband was employed as a billing clerk for the Missouri Pacific Railroad and paid approximately $200.00 a month during the course of the marriage into the railroad retirement fund. Wife, during the marriage, went to nursing school and at the time of the hearing, was employed as a nurse. The trial court dissolved the parties' marriage of six years, awarded neither party maintenance, and found there to be marital property with a value of $13,787.99. The trial court awarded husband a portion of the marital property and required him to pay certain marital debts. Wife was awarded the remainder of the marital property and was also required to pay certain marital debts. The net value of the marital property received by husband was significantly greater than that wife received.

Husband had purchased the family home, titled in his name, a year before the parties married, which the trial court set aside to him as his separate property. The trial court expressly found that $7,555.40 of its value was the result of "repairs and improvements made during the marriage" paid for out of a joint account to which both parties contributed funds. It further awarded to husband as marital property the amount that was paid into the railroad retirement fund.[1] Finally, the court found that in order to equalize the division of marital property, husband should pay $5,000.00 to wife.

Husband appeals contending that the trial court erred in finding that the railroad retirement benefits constituted marital property and the order requiring him to pay $5,000.00 to wife constituted an offset to her of railroad retirement benefits contrary to law. In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the United States Supreme Court held that California's treatment of railroad retirement benefits as community property, and an order awarding to wife other community property as an offset for her interest in the prospective retirement benefits, impermissibly conflicted with the congressional statutory scheme contained in the Railroad Retirement Act of 1974, and the 1977 amendments thereto, 45 U.S.C. §§ 231 et seq.[2] We agree with husband as does wife that based on *Hisquierdo* the trial court's designation of the railroad retirement benefits as marital property was error.

■ The primary concern, however, of this court is the correctness of the judgment and not the route by which it is reached. If, based upon the law and the evidence, the judgment can be properly reached upon any reasonable theory, the judgment will be affirmed. *Watkins v. Johnson*, 606 S.W.2d 493, 495 (Mo.App. 1980). Rule 84.13(b) requires that we may not reverse a judgment unless error committed by the trial court materially affects the merits. We are also mindful that the efficacy of a judgment does not reside in any prefatory statement of reason or recital but in the mandate of the decree. *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 78 (Mo.App.1980). Thus, we are concerned only with the dispositive portions of the decree—whether the award of the retirement benefits or the order requiring husband to pay wife $5,000.00 was supported by substantial evidence, was against the weight of the evidence or constituted an erroneous application of the law. Rule 73.01.

1. In the court's findings of fact and conclusions of law, the court made no determination as to the character of the retirement benefits nor did it place a value on them. In the decretal portion of the judgment, however, the court listed the benefits as marital property, and assigned them to husband without any determination of value.

2. Railroad retirement benefits are closely linked to social security benefits. The court based its decision upon several provisions of the Railroad Retirement Act and the Social Security Act. Section 231d(c)(3) of the Railroad Retirement Act specifically provides that a worker's spouse ceases to be covered on the date of divorce. Further, § 231m prohibits attachment or anticipation of benefits. Under the anti-attachment amendments to the Social Security Act of 1977, it was forbidden that benefits be reached to satisfy any payment by an individual to his former spouse in compliance with any division of property between spouses or former spouses. 42 U.S.C. § 662(c).

Here, all interest in the retirement benefits was awarded to husband. That cannot therefore constitute a basis for reversing the judgment. Further, the trial court did not state the $5,000.00 award to wife was an offset for the retirement benefits, unlike what the California court did in *Hisquierdo*. The trial court stated the award was to equalize the division of marital property.

Without considering the retirement benefits as marital property, husband still received a larger proportion of the net marital property than his wife. He also received the increase in value of $7,555.40 to his separate property made with marital funds. The trial court could have imposed a charge upon the residence to the extent that marital funds were expended to enhance its value, *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 272 (Mo.App.1979); or he could have required a separate payment to wife for her share of the marital property in the enhanced value of the home. *Rickelman v. Rickelman*, 625 S.W.2d 901, 902 (Mo. App.1981).

Even after husband makes the required $5,000.00 payment, he still will have received marital property with a net value greater than the net value of the marital property wife received. We think it apparent that based on a review of the entire record, the trial court's award can reasonably be justified as an attempt to equalize the actual net marital property each of the parties received, and not an attempt to offset to wife prospective railroad retirement benefits. We find no merit to husband's contention.[3]

Affirmed.

SNYDER and CRIST, JJ., concur.

---

3. Wife's motion for attorney's fees for frivolous appeal is hereby denied.