OZARK PRODUCTION CREDIT ASSO-CIATION, Plaintiff-Appellant,

v.

Billy G. WALDEN and Wanna L. Walden, Defendants,

and

D.W. Johnson and Sac River Valley Bank, Garnishees-Respondents.

No. 13802.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 13, 1985.

Harold F. Glass, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

Samuel J. Short, Jr., Stockton, for garnishees-respondents.

PREWITT, Chief Judge.

At issue here is whether, following a foreclosure sale, the trustee of a deed of trust properly included as a part of the balance due on a note, $15,702.06 for the beneficiary's attorney's fees, and whether the trustee should receive a fee for the sale.

Garnishee Sac River Valley Bank held a promissory note, the payment of which was secured by a deed of trust on a farm owned by defendants. Garnishee Johnson was the trustee on the bank's deed of trust. Plaintiff held a note secured by a second deed of trust on the farm. At the bank's request Johnson foreclosed its deed of trust. At the foreclosure sale the farm was sold to plaintiff for $200,000. From the proceeds the bank received $156,090.71, the balance of principal and interest due on the note, $15,702.06 for an attorney's fee for work of its attorney in attempting to collect the note, and $591.48 covering checking account overdrafts of defendants at the bank. Johnson retained $1,035.00 of the proceeds as trustee's fee. The balance, less other sales expenses not questioned here, was paid into court.

Following nonjury trial, the trial judge made detailed findings of fact and conclusions of law and found that the amount of the attorney's fee and the trustee's fee were properly paid from the proceeds of the sale. The trial court determined that plaintiff should receive the funds paid into court and the amount of the overdrafts paid from the proceeds. Plaintiff appeals.

The note held by the bank provided that if it was not paid at maturity and placed

with an attorney for collection, an attorney's fee of 15% of the sum due on the note would be payable. When the note was not paid according to its terms, the bank and its attorney agreed that the attorney would attempt collection for a contingent fee of 10% of the balance due. The bank requested that he attempt to collect it without foreclosure. When those attempts failed foreclosure was started.

Plaintiff's first two points relied on, omitting citations, state:

## I

The trial court erred in concluding that the garnishee Sac River Valley Bank properly charged $15,702.06 in attorney's fees as part of its loan balance which was paid by plaintiff Ozark PCA at the foreclosure sale because:

A. The fee was excessive and unreasonable based on the time spent by the attorney, the difficulty of the case and the other criteria that govern attorneys fees;

B. The allowance of such a large fee tends to undermine the public's confidence in attorneys and the judicial system and, thus, is contrary to the public policy of this state.

## II

The trial court erred in concluding that the garnishee Sac River Valley Bank properly charged $15,702.06 in attorney's fees as part of its loan balance because said amount was unreasonable in the light of the anticipated or actual loss caused by the Waldens' default and it constituted a penalty which was unenforceable.

We discuss points one and two together because they both contend that the attorney's fee was "unreasonable". Plaintiff does not contend that no attorney's fee should be allowed but asks this court to limit the fee to "$1,050.00 or such other amount as it deems reasonable" or to "remand the case to the trial court for a redetermination of the attorney's fee". The bank's attorney testified that his usual hourly rate was $70 and plaintiff contends that not more than fifteen hours could have been spent by him in attempting to collect the note.

In determining the reasonable value of legal services, the time taken is one element to consider, but it may be of minor importance; other considerations are the nature and character of the services rendered, the nature and importance of the matter in which the services are rendered, the degree of responsibility imposed on the attorney, the value of the property or money involved, the degree of professional ability called for and used, and the result. *Murphy v. Grisham*, 625 S.W.2d 215, 217 (Mo.App.1981).

Rule 4 DR 2–107(B) sets forth when a fee is excessive and factors to be considered in determining the reasonableness of a fee. It states:

(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

 Considering these factors, and giving proper deference to the trial judge, who is deemed to be an expert on the reasonable value of legal services, *Murphy v. Grisham, supra,* 625 S.W.2d at 217, the attorney's fee was not excessive. The actual time the bank's attorney spent was not kept by him because the agreement was for a percentage contingent fee. There may have been considerably more time spent than plaintiff suggests. As the attorney asserts, representing a bank in foreclosing farm property, particularly at this time, could cause him to lose other employment. Such representation might be frowned upon by some, particularly in a rural area. A percentage contingent fee for such a collection is not unusual in this area. A substantial amount of money was involved. The matter was handled by an experienced attorney who had practiced law 18 years. It was conceivable, however unlikely in this case, that no fee might be collected.

The fee was lower than that which the debtors agreed they would pay in the event of default and not so high that it is likely to undermine the public's confidence in attorneys and the judicial system and be contrary to the public policy of this state. Attorney's fees of 10% of a note have been approved in numerous Missouri cases. *Emmons v. Winters,* 627 S.W.2d 904, 907 (Mo.App.1982). The fee provision was not in the note as a penalty, but to protect the creditor from losing money on the loan because of attorneys' fees. It was a cost to the bank and the trial court apparently determined that the bank had obligated itself to pay that amount. Points one and two are denied.

Plaintiff's third point states:

The trial court erred in concluding that the garnishee-trustee, D.W. Johnson,

properly charged a trustee's fee of $1,035.00 because the trustee was representing the bank and when the bank charged the $15,702.06 attorney's fee the trustee's fee was waived.

The fee was properly computed following § 443.360, RSMo 1978. Johnson was the executive vice-president of the bank and a shareholder in it. Plaintiff does not contend that he was disqualified from acting because of his position or that he conducted the sale improperly. Plaintiff states in its brief that Johnson's distribution of proceeds to pay $591.48 in overdrafts of defendants "is indicative ... of Mr. Johnson's attitude about the sale and the role he was playing." The trial court disallowed that charge, but there is nothing in the record indicating that Johnson knew it should not have been charged. The overdrafts apparently were payments for insurance covering the property sold.

That Johnson was primarily interested in protecting the bank does not deny him a fee if he was eligible to serve and did so properly. He did not expressly waive the fee, and there is nothing in the record to indicate he did so by implication.

Plaintiff cites *Condict v. Flower,* 47 Mo. App. 514 (1892), for its holding disallowing the trustee of a deed of trust from charging an attorney's fee separate and apart from the statutory trustee's fee. That did not occur here. The attorney's fee, according to Johnson and the attorney, was not directly related to the foreclosure, but was for action taken in attempting to collect the note prior to instituting the foreclosure. A separate bill was to be sent Johnson for the attorney's work on the foreclosure. As the $15,702.06 fee was for prior work it could not affect the trustee's fee.

 If a sale is rendered invalid either because a trustee served when he should not have done so, or acted improperly, there would be a basis for denying the trustee a fee. See *Stark v. Love,* 128 Mo. App. 24, 106 S.W. 87 (1907). Where that

did not occur, a fee for the trustee should be allowed. The third point is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.