Melinda DEGERINIS, Respondent,

v.

Gregory DEGERINIS, Appellant.

No. 49937.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 17, 1987.

Robert J. Albair, Clayton, for respondent.

Hal B. Coleman, Leigh H. Greenhaw, Coleman, Ross, Goetz & Robert, Inc., Clayton, for appellant.

SIMON, Judge.

Gregory Degerinis, husband, appeals from a Decree of Dissolution entered in the Circuit Court of St. Louis County. Husband contends that the trial court erred in: (1) including his separate property in marital property; (2) setting aside and disregarding a stipulation between the parties relating to husband's separate property; (3) the division of marital property; (4) awarding excessive maintenance; and (5) awarding wife attorney's fees and costs. We affirm.

The parties were married June 16, 1966. There were two children born of the marriage; Nicholas, born December 25, 1970, and Christina, born September 20, 1978. Melinda Degerinis, wife, filed a petition for the dissolution of marriage on May 27, 1981.

The dissolution decree awarded custody of the children to wife and ordered husband to pay $500 per month for each child as support. The decree awarded wife maintenance of $1,000 per month subject to subsequent modification and $11,700 of personal property as her separate property. Husband's interest in his family's real estate and stock holdings as set forth in Joint Exhibit 1A, valued at $30,547.80, was set aside as his separate property. The remainder of the assets listed in Joint Exhibit 1A were determined to be marital property. These assets consisted of deposits, accounts, stock, interest in a partnership, and a promissory note worth $107,892.89. All of the property listed in Joint Exhibit 1A was acquired by husband through either gift or inheritance from the Degerinis family.

Despite a "stipulation" between the parties to the effect that all property and assets set forth in Joint Exhibit 1A were the separate property of Gregory, the trial court found otherwise. The court refused to accept the legal conclusion of the "stipulation." The court concluded that some of the assets listed in the Joint Exhibit were marital property. The marital property was valued at $153,000 before the addition of the certain assets listed in Joint Exhibit 1A. The inclusion of these assets, valued at $107,892.89, increased the marital assets to a total of $260,892.89.

In the division of marital property, wife was awarded the right to possession of the marital residence, valued at $105,000 and 70% of the sale proceeds of the home. Wife was also awarded an automobile valued at $2,000, furniture valued at $20,000, and a lump sum of $20,000. For his share of marital property, husband was awarded 30% of the sale proceeds of the marital home. He also received his entire interests in the "Degerinis family" assets listed in Joint Exhibit 1A which the trial court held to be marital, in an amount of $107,892.89. He was also awarded other marital property worth $26,000. Wife's marital property award has a value of $115,500; husband's has a value of $165,392.89. The decree ordered husband to pay $7,500 for wife's attorney's fees and $1,500 for her litigation expenses.

An issue at trial was the employability and earning potential of the parties. Husband has been unemployed since 1983 looking for suitable business opportunities. He has three and one-half years of college education and has an expired real estate license. He was employed by the Degerinis family business in bar and restaurant management for approximately 21 years. An independent employment expert testified that husband would be employable in real estate, hotel management, or restaurant/bar management. He testified that probable income would range from $15,000 —$40,000. The trial court found that husband was capable of earning in excess of $30,000 per year in addition to his income from the Degerinis family interests.

Wife was also unemployed at the time of trial. She has only a high school diploma.

She has had no specialized or advanced training and had been employed as a bill of lading clerk for seven years prior to 1971. The employment expert testified that wife was employable and would earn $3.35 to $4.00 an hour. The trial court found that she could be employed in clerical or ordinary sales work, earning minimum wages.

Additionally, there was evidence of marital misconduct by both parties. Wife testified that husband had beaten and mentally and physically abused her on numerous occasions. Husband testified that wife was engaged in extramarital affairs. The trial court found only that "[t]here was evidence of misconduct from time to time."

■ At the outset, we note that our review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the judgment of the trial court unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless the court either erroneously declared or applied the law. *Id.* at 32. We affirm.

The errors asserted by husband in Points I through III all involve the effect of the "stipulation" that all of the assets set forth in Joint Exhibit 1A would be treated as husband's separate property. The Joint Exhibit was admitted into evidence after the following exchange:

HUSBAND'S ATTORNEY: Judge, [Wife's attorney] and I and your [sic] respective clients have stipulated that certain real estate and certain personal properties are the separate property of the [Husband]. [Wife's attorney] has copies of the exhibits I'm about to present to the Court.

(At this time Joint Exhibit 1A and Respondent's Exhibits A and B were marked by the reporter for identification.)

. . . . .

HUSBAND'S ATTORNEY: Judge, back to the joint exhibit 1A I don't think [Wife's attorney] acknowledged it has been stipulated that Joint Exhibit 1A comprises the real estate and personal properties which are the separate property of the [Husband]. Is that a correct statement?

WIFE'S ATTORNEY: Yes. Off the record a minute.

(At this time an off-the-record discussion was had, and the following proceedings returned on the record:)

HUSBAND'S ATTORNEY: Is that a correct statement [Wife's attorney]?

WIFE'S ATTORNEY: That's right.

. . . . .

HUSBAND'S ATTORNEY: Also, Judge, I think we did in chambers, just to make sure at this time I would like to introduce Joint Exhibit of [Wife] and [Husband], which is 1A.

THE COURT: I think we did 1A at the beginning and today.

HUSBAND'S ATTORNEY: *Didn't we, [Wife's attorney], you and I stipulated these are the separate properties of [Husband]; correct?*

WIFE'S ATTORNEY: *That's right.* I'm not stipulating any to any—necessarily any values.

THE COURT: Yes, I think we did.

HUSBAND'S ATTORNEY: So, I think it is admitted already, but may that be admitted then?

THE COURT: Yes. I was just trying to check. Yeah, I have admitted A and B.

HUSBAND'S ATTORNEY: Joint Exhibit 1A, Judge.

THE COURT: Okay. I think we had that. I admit Joint Exhibit 1A and A and B.

Husband contends that the foregoing constituted a valid agreement of the parties within the meaning of § 452.330.2(4) RSMo (1978). § 452.330 provides in pertinent part:

1. In a proceeding for dissolution of marriage ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

. . . . .

(2) The value of property set apart to each spouse;

. . . . .

2. For the purpose of Section 452.330, 'marital property' means all property ac-

quired by either spouse subsequent to the marriage except:

. . . . .

(4) Property excluded by valid agreement of the parties;

. . . . .

3. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property.... The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2.

Husband argues that the trial court violated § 452.330 because it disregarded a valid agreement between the parties excluding the assets listed in the Joint Exhibit from their marital property. Husband argues that the trial court was bound by the stipulation between the parties and that there was no substantial evidence presented to support the finding that income from his separate property was commingled with marital property so as to convert the whole to marital property. He argues further that the trial court erred in disregarding the stipulation because it was done without notice and thereby deprived him of an opportunity to present proof as to separate ownership. Finally, husband argues that because the determination of assets constituting marital property was erroneous, the just and equitable division was also erroneous.

 Before any property can be excluded from the term "marital property" by valid agreement of the parties under § 452.330.2(4), the evidence must clearly and unequivocally show an agreement whereby both parties intended that the property be excluded from their marital property. *Rogers v. Rogers*, 573 S.W.2d 425, 426 (Mo.App.1978). The burden of proof is on the party asserting the valid agreement to prove the same by clear and convincing evidence. *In re Marriage of Salisbury*, 643 S.W.2d 821, 823 (Mo.App. 1982); *See Conrad v. Bowers*, 533 S.W.2d 614, 620 n. 5 (Mo.App.1975). Here, the trial court found that "[t]he parties, by stipulation apparently agreed that certain interests (real estate, stock, cash, and de-

posits) listed in Joint Exhibit 1A were the separate property of [Husband]." Despite this finding, the trial court nevertheless refused to be bound by the stipulation. The court reviewed income tax statements and "other information" and concluded that some of the assets listed in Joint Exhibit 1A, (accounts, deposits, stocks, interest in partnerships, and promissory note) grew out of income, i.e., interest, dividends, rents, etc., received during the marriage and that such income was marital property. The court further found that the income was commingled over a period of time with the separate property, thus converting "what may have originated as separate property" into marital property.

 We believe that under § 452.330.-2(4), the parties to a dissolution proceeding may enter into a valid agreement that certain property is to be considered as separate, even though, as a matter of law, the property is marital. Here, wife's attorney clearly and unequivocally stipulated in open court, on the record, that the assets listed in Exhibit 1A were the separate properties of Gregory. A stipulation is an *agreement* between counsel with respect to business before a court. *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo.1966); *In re Marriage of Ebinger*, 573 S.W.2d 738, 740 (Mo.App. 1978). As such, the clear and unequivocal stipulation constituted a valid agreement under § 452.330.2(4).

 If the parties voluntarily agree that marital property is to be considered separate and there is clear and unequivocal evidence of such an agreement, the trial court is bound by the agreement and may not ordinarily subject the status of the property to "reassessment on the dissolution of marriage." *Williams v. Williams*, 548 S.W.2d 224, 225–26 (Mo.App.1977). If the agreement is unconscionable, however, the trial court may dispense with it and request the parties to make a new agreement or it may divide the property under the statutory provision relative thereto. § 452.325.2, RSMo (1978); *In re Marriage of Wilfong*, 658 S.W.2d 45, 48 (Mo.App. 1983). Here there was no finding of unconscionability. Thus, the trial court was in error when it refused to accept the valid agreement of the parties.

Our inquiry, however, does not end here. "The mere erroneous declaration of what is or is not marital property, where the decree is nonetheless fair, will not require reversal." *In re Marriage of Garrett,* 654 S.W.2d 313, 316 (Mo.App.1983). If, based upon the law and the evidence, the judgment could have been reached upon any reasonable theory, the judgment will be affirmed. *Puckett v. Puckett,* 632 S.W.2d 83, 84 (Mo.App.1982). We are concerned only with the dispositive portions of the decree because the effect of a judgment is governed by the mandate of the decree and not by any prefatory statement of reason or recital. *Id.* In dividing marital property, the trial court is required to make a just division, but it need not be equal. § 452.330, RSMo (1978); *Lewis v. Lewis,* 637 S.W.2d 207, 209–10 (Mo.App. 1982).

The gravamen of husband's argument is that the division of marital property was grossly disproportionate because his separate property was included. Had the trial court correctly set aside the interests listed in Exhibit 1A as husband's separate property, the marital property of the parties would have had the value of $153,000; of which wife would have received $115,000 and husband would have received $37,500. Husband's separate property would have had a value of $138,440.69 and the separate property of wife would have been worth $11,700. Under § 452.330.1(2), RSMo (1978), separate property is one of the four nonexclusive factors to be considered by the trial court when dividing marital property. *Cain v. Cain,* 536 S.W.2d 866, 875 (Mo.App.1976). Also to be considered is the economic circumstances of each spouse. § 452.330.1(3); *Smith v. Smith,* 561 S.W.2d 714, 718 (Mo.App.1978).

We conclude that although the trial court erred in designating husband's separate property as marital property, the decree is nonetheless fair and reversal is not required. *Garrett,* 654 S.W.2d at 316. Here, all husband's interest in his separate property deemed to be marital was awarded to him and cannot, therefore, constitute a basis for reversing the judgment. *Puck-*

*ett,* 632 S.W.2d at 85. Further, the great disparity in the amount of separate property held by the parties serves to justify the larger amount of marital property awarded wife, as does the disparity in the parties' earning potential. Viewed in this light, the trial court's division of marital property was supported by substantial evidence, and is not against the weight of the evidence. Thus, our review discloses no prejudicial error.

We have carefully reviewed the record on husband's two remaining points: (1) awarding excessive maintenance to wife, and (2) awarding wife attorney's fees and costs. We conclude that the trial court's decree is supported by substantial evidence and that the trial court did not abuse its discretion. An extended opinion on these points would have no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.