Arthur J. FORSYTHE, Appellant,

v.

Charline M. FORSYTHE, Respondent.

No. KCD 28560.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 29, 1977.

Application to Transfer Denied
Oct. 11, 1977.

P. Wayne Kuhlman, Liberty, for appellant.

Alvin D. Shapiro, Stinson, Mag, Thompson, McEvers & Fizzell, Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The decree of dissolution of marriage awarded custody of the two unemancipated children to the wife, awarded her $300 a month for their support, apportioned the property, and denied maintenance.

The parties married while at college. She soon became gravid, discontinued school attendance, and made the home for the family while the husband pursued a career. After twenty-five years, they separated. The husband has become budget director for Trans World Airlines and earns $30,000. The wife is without essential employment skill and attempts work as a travel consultant. She is paid on commission and has earned some $300 in five months. The husband has attended to the family finances throughout the marriage. The wife has lacked aptness even to balance a checkbook.

The funds which came into the marriage were managed by the husband, who invested them and otherwise directed the wife as to the disposition to be made. The couple amassed numerous stocks, some real estate and a residence. The source for much of this property was a conveyance of land by gift from the Thrustons, parents of the wife, to the parties as husband and wife. The land was sold and the proceeds invested in securities registered to them jointly. The court set these assets apart as the sole property of the wife. On this appeal the husband claims as his salient point that § 452.330 requires the court to treat a gift to *both* husband and wife as marital property subject to division on dissolution of marriage. We agree.

The question is determined by the provisions and intendments of § 452.330, RSMo 1975 Supp.:

1. In a proceeding for . . . dissolution of the marriage . . . the court shall set apart to each spouse his property and shall divide the marital property . . .

2. For purposes of sections 452.300 to 452.415 only, "marital property" means *all property acquired by either spouse* subsequent to the marriage *except:*

(1) *Property acquired by gift,* bequest, devise or descent;

.      .      .      .      .

3. *All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property* regardless of whether title is held individually or by the spouses in some form of coownership . . . The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2. [Emphasis added.]

Section 452.330.3 presumes that all property acquired during the marriage is marital property and provides that one of the ways the presumption may be overcome is to show that the asset was acquired by gift by *either spouse* under § 452.330.2(1). A gift to *both spouses* does not fall within the literal ambient of that statute, so the question remains whether the integral Dissolution of Marriage Act [§§ 452.300 to 452.415] intends that such a joint gift shall also be excepted or shall be presumed marital property and so subject to division.

The property division provisions of the integral Act bring two new concepts to our law: the right of each spouse to an equitable share of the marital assets and the power of the court to make such a division.

At common law the marriage gave rise to no property rights by virtue of the marriage itself. The law treated the wife as a chatelaine whose role was without economic function. Also, in the absence of statute, the courts had no power to order the transfer or division of property. Krauskopf, Division of Property, 41 Mo. LR 165 (1976). The express provisions of § 452.330.1(1) which attributes economic value to the contribution of a spouse as homemaker and of § 452.330.1 which empowers a court to divide the marital property abrogate these common law postulates. Thus, the integral Act treats the marriage as an enterprise between partners, each entitled to a fair share of the family assets, however dispa-

rate the efforts which contributed to their prosperity. *Corder v. Corder,* 546 S.W.2d 798, 803[3] (Mo.App.1977). And to give effect to this purpose, the Act invests the court with power to make the division.

A gift of property to the spouses jointly, of course, is not a product of their industry, but it does come to them in the marriage relation and creates a title by the entirety which—unless the Act empowers a court to divide—requires an additional judicial procedure for severance. *Holt v. Myers,* 494 S.W.2d 430, 444[18, 19] (Mo.App. 1973); 41 Am.Jur.2d Husband and Wife, § 57. Prior to the enactment of § 452.330, upon divorce the parties became tenants in common as to all property held by the entirety during the marriage; hence, a separate partition suit was needed to finally determine the property interest of each spouse. *Allan v. Allan,* 364 S.W.2d 578, 582[10, 11] (Mo.1963). One purpose of that enactment was to eliminate the need for this "unsatisfactory half-remedy of partition" upon dissolution [Fowler and Krauskopf, 29 J. of Mo. Bar 508 (1973)] and to relieve the parties from further litigation to sever altogether the property relations between them. *Corder v. Corder, supra,* l.c. 804[4, 5].

The purpose of § 452.330.3 is to treat as marital property all assets acquired during the marriage · by the industry of either spouse. The purpose of § 452.330.2 which by mention exempts from division only a *gift to either* spouse is to treat as marital property a gift to *both* spouses. From this we conclude that the integral Act intends for the court to divide and settle title to all property which has come to the spouses by virtue of the marriage relation.

It is the contention of the wife, however, that although the five acres were conveyed by her parents to the names of herself and her husband jointly, the gift was intended for her alone. Ordinarily, in the absence of ambiguity, the language of the deed controls as to the intent of the grantor. *Wolf v. Miravalle,* 372 S.W.2d 28, 34[4, 5] (Mo.1963). Section 452.330.3 departs from this general rule and authorizes a court to look behind the deed of a property acquired during the marriage [and so presumptively marital property] to determine if it was acquired by a method listed in § 452.330.2 [e.g. as by a gift to *either* spouse] and so exempt from division. Therefore, this statute authorized the wife to adduce evidence to overcome the marital property presumption. In this case, however, her proof had to surmount yet another presumption: that a conveyance to a husband and wife results in a joint ownership by the entirety. *Gibson v. Zimmerman,* 12 Mo. 385, 387 (1949). That is to say, for the wife to fall within the gift exception of the statute and thus overcome the marital property presumption, she had first to overcome the presumption of joint ownership created by the language of the deed—and that by clear and convincing evidence that the conveyance was intended for her title alone. *Conrad v. Bowers,* 533 S.W.2d 614, 621[11–13] (Mo.App.1975).

The proof on the issue did not satisfy that standard. Only the wife gave evidence. The parties were married in 1950. The wife was an only child, and the four children of the marriage became the only grandchildren to the Thrustons, her parents, now deceased. Her parents lived on a ten acre tract. In 1966, her parents—on the recited consideration of *one dollar, love and affection*—conveyed five of those acres to their daughter and her husband in the marital relation. At the time of conveyance the land was intended for a family home, but soon it became more valuable as a commercial use and the entire ten acres were sold for $300,000. The husband managed the transaction as well as the proceeds which derived to them from the sale. He invested the $150,000 in stocks and bonds taken in their joint names because, the wife testified, that was the way they usually did everything. She also testified that she intended to pass these assets to her children.

The contention of the wife reduces to the argument that the name of her husband was placed on the deed only because he managed all business affairs of the fami-

ly. She makes much of the failure of her husband to testify and emphasizes that she was an only child. We hold, however, that as a matter of law the evidence was not sufficient to contradict the plain language of the deed and the common law presumption that the conveyance to the husband and wife jointly created a whole estate in them as one person. This conclusion is confirmed by her testimony that the property was intended for their family home, that she made no effort to treat the conveyance as her separate property during the marriage, and that the proceeds from the sale were shared by both spouses.

We touch another contention by the husband, but only to correct an obvious mischance. To support his argument that the real estate conveyance and proceeds were marital property, the husband points to a bank deposit in which the wife deposited funds to their joint names. The husband asserts that the wife gave evidence that money from the sale of the five acres was placed in that joint account and that her explanation that she did not intend to make a gift to him of that money could not be received to contradict the joint tenure. There is no such evidence. The transcript references for this argument have nothing to do with the sale of the acreage, but rather with other funds received by the wife from two inheritances—one from her mother and the other from a friend—and used to purchase a new family home. The husband never claimed any interest in the two legacies, but as shown by an exhibit in his own hand, always treated the inheritances as the separate property of the wife. He does not contest the order of the court which adopts his concession and sets over to the wife as her own asset her contribution to the purchase of the jointly held residence.

The determination by the trial court that the conveyance was meant as a gift to the wife alone was erroneous. We conclude, rather, that the property was acquired by gift by both spouses jointly, and as such is subject to division as marital property under § 452.330. The wife also made claim for maintenance, but was denied by the trial court. Since the value of the marital property apportioned to the spouse who claims maintenance is a relevant factor to that determination [452.335.-2(1)], that issue also requires consideration.

Accordingly, the cause is reversed and remanded for redetermination of division of marital property and reconsideration of maintenance.

All concur.