Bobbie Jean ROGERS,
Appellant-Petitioner,

v.

Thomas Phillip ROGERS,
Appellee-Respondent.

No. 40128.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 17, 1978.

Thomas J. Briegel, Union, for appellant-petitioner.

Jenny, Cole & Eckelkamp, William W. Eckelkamp, Union, for appellee-respondent.

CRIST, Judge.

The marriage of Bobbie Jean Rogers and Thomas Phillip Rogers was dissolved after almost twenty-two years of marriage. Two children were born of the marriage. Tina was emancipated, and Thomas was sixteen years of age at the time of the order dissolving the marriage. Husband was granted custody of Thomas.

Wife complains about that portion of the judgment disposing of the property. Wife received a 1968 Rambler and a 1961 Buick. Title to the Buick had been transferred to Tina. Wife was held harmless on mortgages on a 1976 Chevrolet truck and a mobile home. Husband received all other property.

Wife specifically complains about the trial court ordering that the twenty-eight acre farm was the property of the husband and that the cattle on this farm was the property of their son, Thomas.

The property owned by either or both of the parties at the time of the dissolution was twenty-eight acres of land, a mobile home located on said tract of land with a mortgage of approximately $10,000 against it, a 1976 Chevrolet truck with a mortgage against it in an unknown amount, tractors, tools, guns, furniture, 1968 Rambler and a 1961 Buick. It is disputed as to whether the cattle on the farm belong to their son.

The real estate was acquired by the parties after their marriage in a tenancy by the entirety. They were having marital problems in 1972. Wife left; she took all of the money from a joint checking account, about $3,500, and did not account to husband for such money. Husband and wife agreed to a reconciliation on condition that wife deed him the twenty-eight acre farm. The parties then transferred the title to the real estate to the husband. Did the twenty-eight acre farm cease to be marital property by reason of such agreement and transfer to the husband?

Section 452.330–2(4) RSMo Supp.1973, provides:

"2. For purposes of sections 452.300 to 452.415 only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

. . . . .

(4) Property excluded by valid agreement of the parties; . . ."

We believe that before any property can be excluded from the term "marital property" by valid agreement of the parties the evidence must clearly and unequivocally show an agreement whereby both parties intend that the property be excluded from their marital property. We are unable to determine from the record whether or not the twenty-eight acre farm is marital property, and if so, the value thereof.

There is a little or no evidence as to the values of any of the properties of the parties. It is noted that husband was earning in excess of $7.00 per hour and was receiving a monthly pension of approximately $100.00 monthly, in addition to his farm income, while wife was earning approximately $3,700.00 per year.

With reference to the cattle, we are unable to determine whether or not there was a completed gift to the son insofar as wife was concerned. See *Coffey v. Coffey*, 485 S.W.2d 167, 170–171 (Mo.App.1972).

On the record before us we are unable to render a fair judgment. Therefore, we must remand for a full determination of all issues relating to the division of property in accordance with this opinion, the factors enumerated in § 452.330 RSMo Supp.1973, and other relevant factors. *V. M. v. L. M.*, 526 S.W.2d 947 (Mo.App.1975).

Accordingly, we reverse and remand this case for a determination of all issues relating to the division of property. The judgment is affirmed in all other respects.

CLEMENS, P. J., and SMITH, J., concur.