In re the MARRIAGE OF Augustine ZUNIGA, Petitioner-Respondent,

and

Virginia Zuniga, Respondent-Appellant.

Nos. 43143, 43282.

Missouri Court of Appeals, Eastern District, Division Three.

June 23, 1981.

Fred Roth, St. Louis, for respondent-appellant.

Frank Susman, St. Louis, for petitioner-respondent.

CRIST, Presiding Judge.

Legal separation proceeding. Appeal from an order of the trial court awarding maintenance and attorney fees to wife. We affirm.

The parties were married on February 19, 1968. Two years later, wife left husband for the fourth and final time. Husband filed a petition for dissolution on December 21, 1979. Wife cross-petitioned for a legal separation and the matter was ultimately submitted on the issue of legal separation.

On July 14, 1980, the trial court heard testimony from husband and wife. The following evidence was adduced: Husband was 87 years of age and lived with his daughter. His sole source of income, $397.00 per month, was derived from his railroad retirement pension. Other than $405.00 in two bank accounts, husband has no substantial assets.

Wife's sole source of income was $159.00 per month from husband's railroad retirement pension. Wife's assets consist, mainly, of one automobile and a parcel of real property owned jointly with her daughter and valued at $11,600.00.

On June 3, 1980, the trial court ordered the legal separation of the parties and awarded maintenance of $40.00 per month and attorney fees of $200.00 to wife. All other assets were adjudicated non-marital property. Wife appeals.

 Wife first complains that the award of maintenance is grossly inadequate. We disagree. Our review is limited to a determination of whether the discretion vested in the trial court has been abused. *Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo.App.1980). The amount of maintenance must be determined in light of husband's ability to pay balanced with wife's reasonable needs. Section 452.335, RSMo. 1978; *In re Marriage of Lindenfelser*, 596 S.W.2d 71, 72 (Mo.App.1980); see, *Myers v. Myers*, 586 S.W.2d 797, 799 (Mo.App.1979). The maintenance award of $40.00 per month was not an abuse of discretion. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Wife next contends that the trial court erred in awarding only $200.00 of the $480.00 attorney fee she sought. The award of attorney fees may be reviewed only for an abuse of discretion. *Stegemann v. Fauk*, 571 S.W.2d 697, 701 (Mo.App.1978). The trial court was not obliged to award the full amount of attorney fees sought by wife. Section 452.355, RSMo. 1978; *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App. 1979); *Stegemann v. Fauk, supra*, at 701. In light of the comparative financial positions of the parties the trial court did not abuse its discretion in awarding $200.00 as attorney fees.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.