Robert F. WEAST, Petitioner-Appellant,

v.

Joann Louis WEAST,
Respondent-Respondent.

No. 45874.

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1983.

Gary H. Lange, St. Louis, for petitioner-appellant.

Mary Ann Weems, St. Louis, for respondent-respondent.

KAROHL, Judge.

In this dissolution of marriage action, appellant-husband challenges the trial court's designation and distribution of property and award of attorney's fees to respondent-wife. We reverse and remand.

The parties were married in 1957 and had no children. At the time of the dissolution, in 1982, the parties were both self supporting. No maintenance was granted. Appellant filed the original petition in 1977, but did not obtain service upon respondent until 1979. The parties apparently attempted several unsuccessful reconciliations between the time of filing and the time of service although they disputed the date of final separation. Both respondent and appellant acknowledged having an extramarital relationship, respondent's beginning in 1976, and appellant's beginning in 1979.

According to the trial court's findings of fact and the decree, respondent received $73,000 in separate property and $109,155 in marital property, while appellant received $231,000 in marital property.

Appellant contends that the trial court erred by: (1) designating certain marital property as respondent's separate property; (2) finding that appellant had an interest in real estate titled in his brother's name but labeled marital property; (3) finding that real estate appellant purchased in a partnership was marital property and awarding the total value of the assets to appellant; (4) awarding appellant marital assets at gross value rather than at net value; (5) not distributing the balance of a savings

account held by respondent; and (6) ordering appellant to pay respondent's attorney's fees and costs.

■ Although the trial court is vested with broad discretion in dividing the marital property, *Klinge v. Klinge*, 554 S.W.2d 474, 477 (Mo.App.1977), we reverse in that the property division was not supported by substantial evidence and the trial court misapplied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court found that a home located at 2151 Erick in St. Louis was respondent's separate property, and that the family home at 2118 69th Street was half respondent's separate property and half marital property, awarding it to respondent. Section 452.330.1 [1] mandates a determination and award of separate property to its owner. Separate property includes property owned before marriage and maintained in separate names during the marriage, property acquired during marriage solely from an exchange of premarriage property and separately retained, any increase in the value of separate property, a gift or inheritance received and separately held, and property described in §§ 452.330.-2(3) and (4).

■ Under the statute in effect when appellant filed the petition, § 452.330.3 RSMo 1978, all property acquired by either spouse subsequent to the marriage except separate property as defined in § 452.330.2 was presumptively marital property. The proponent of separate property has the burden of proving premarriage ownership, gift or inheritance. *C.B.H. v. R.N.H.*, 571 S.W.2d 449, 456 (Mo.App.1978).

The parties purchased the family home at 2118 69th Street in 1958 for $10,250. It was valued at $15,500 at the time of trial and was owned by the parties by the entireties.

Respondent's mother financed the down payment by a $3,000 gift to both parties. They borrowed $7,000 from respondent's grandfather to pay the balance and had repaid $5,200 from marital funds at the time of respondent's grandfather's death, leaving a balance of $1,800. Respondent and her mother each inherited half of the grandfather's estate. By agreement with respondent's mother, the parties cancelled the remaining $1,800 due on the loan. The loan was satisfied by $900 that respondent inherited and by a $900 gift from respondent's mother.

■ On these facts the court erred in finding that one-half of the real estate was respondent's separate property. Although the down payment was a gift, it was made to both parties. A gift to both spouses is presumed to be marital property. *Forsythe v. Forsythe*, 558 S.W.2d 675, 678 (Mo.App. 1977). The proof to overcome this presumption must be so clear that no reasonable doubt can be entertained of its truth, and the evidence must be so cogent and compelling as to exclude reasonable doubt from the trial court's mind. *Conrad v. Bowers*, 533 S.W.2d 614, 620 (Mo.App.1975). There was no such proof here.

Further, the property was acquired during the marriage, in joint names, and paid for in part by a jointly received gift and in part by the parties' income. Property acquired after the marriage and placed in joint names is presumed to be marital property. *Hebron v. Hebron*, 566 S.W.2d 829, 832 (Mo.App.1978). The $1,800 respondent received by inheritance and gift became part of the jointly owned real estate by her act and was therefore marital. A spouse may by agreement, either express or implied, or by gift, transmute an item of separate property into marital property. *Daniels v. Daniels*, 557 S.W.2d 702, 704 (Mo.App.

---

1. The petition in this cause was filed in 1977 but service obtained on respondent-wife in 1979. When the petition was first filed, marital property was to be determined as of the date of hearing, § 452.330.3 RSMo 1978 (originally enacted effective January 1, 1974). This section was amended by House Bill 96, Laws 1981, effective September 28, 1981. The new section defines marital property to be property acquired during the marriage and vested before commencement of an action for dissolution in which a final decree is subsequently entered and not excepted by the provisions of § 452.-330.2. The new section should be applied prospectively, affecting only property acquired after the effective date.

1977). *See Conrad v. Bowers,* 533 S.W.2d 614, 622 (Mo.App.1975).

■ Respondent also inherited one-half interest in her grandfather's home at 2151 Erick. The home was worth $5,000 at the time of estate distribution. Respondent credited her mother, the other beneficiary, with $2,500 from the estate in order to take the entire house. Respondent's mother and stepfather then executed a quitclaim deed transferring their interest in the house to respondent and appellant. The property was therefore one-half respondent's separate property by inheritance and one-half marital property received by deed in joint names. *See Forsythe v. Forsythe,* 558 S.W.2d 675, 678 (Mo.App.1977). *See also In re Marriage of Kinnick,* 621 S.W.2d 104 (Mo.App.1981) (where husband got half of 80 acre tract of land by gift and purchased remaining half from siblings, trial court properly found that half of the tract was marital and the other half was the husband's nonmarital property).

During the extended period of separation, appellant participated in the purchase of real estate at 2353 Rockdale that was acquired in his brother, third party respondent Carl D. Weast's, name. The trial court found that appellant and respondent had an equitable marital interest in the property. Appellant negotiated the purchase, supplied the down payment from marital funds, occupied the premises, and made all of the payments on the two deeds of trust. When appellant's brother testified, he was unable to describe any of the details of the purchase with any degree of certainty. Carl Weast, in fact, contributed no money toward the purchase.

■ Since Carl Weast was joined in the action and is a party, the trial court has the power to divide the property or consider its value in the division of property. *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 274–75 (Mo.App.1979). The trial court was justified here in finding that appellant had an equitable interest in the property at 2353 Rockdale and charging appellant with the net value of the property. *See Fastnacht v.* *Fastnacht,* 616 S.W.2d 98, 102 (Mo.App. 1981).

■ The trial court awarded to appellant as marital property all interest he had in real estate owned in a partnership with third party respondent Ronald Forquer. Appellant formed the partnership with Forquer during the separation, in order to purchase, rehabilitate, and rent real estate. Appellant and Forquer each contributed one-half to the down payment, repairs, and expenses, and were each entitled to one-half of the net values and net rentals. The court found the total net value of all of these properties to be $77,800, and the total rental income $29,885. The trial court awarded the total value to appellant as marital property. Although appellant's interest in the partnership assets was marital property, the court erred in awarding the total value to appellant, as Forquer's half interest was not marital property.

■ In his next point, appellant argues that the trial court erred in valuing a farm purchased in Illinois with marital funds. Appellant purchased the farm for $35,000 after the parties separated, and placed it in joint names. Trial testimony established that the farm's net value at trial was $103,000 and that during the time of ownership the farm generated approximately $16,500 in income. However, in awarding and "charging" appellant with the farm income of $16,500, which he reinvested in the farm so as to maintain or increase its value, the court erred and misapplied the facts in failing to offset the expenses. *See In re Marriage of Kueber,* 599 S.W.2d 259, 262 (Mo.App.1980). These expenditures were not in themselves assets to be distributed but were included in and a part of the farm value. The court was authorized, however, to order the property sold and the equity divided equally upon a finding that it was marital property, *Wilhoit v. Wilhoit,* 599 S.W.2d 74, 80 (Mo.App. 1980), although caution should be exercised in forcing liquidation of income producing property. *In re Marriage of Kueber,* 599 S.W.2d at 262.

The trial court erred in valuing the Illinois farm and the Weast-Forquer partnership properties and rentals in another way. The evidence established that building supplies valued at $5,000 and marital funds of $11,000 to $16,000 were taken by appellant and merged into these properties. The trial court erroneously awarded and charged the value of these items to appellant when they no longer existed in their original form. If appellant's share of the rents on the Weast-Forquer properties was reinvested in partnership properties it was error to award to appellant his share of the rental income as a separate item as it became a part of the property values.

Appellant argues that the trial court erred in not ordering distribution of a savings account held in respondent's name, with a balance of about $16,000 at the time of separation. Appellant contends this account was marital property as it contained her salary earned during the marriage and rental income from jointly owned property. Respondent testified, however, that at the time of trial there was only $1,000 remaining in the account. The court apparently believed her testimony that she spent the money on various bills, attorney's fees, property appraisals, taxes and litigation costs. It was the trial court's function to determine credibility. *Vogt v. Ketzner,* 634 S.W.2d 583 (Mo.App.1982). We find no error in the trial court's conclusion that respondent did not have the funds, as there was no finding that the funds existed and no distribution of the funds in the decree.

We also observe that the property distribution is defective in that a number of items of property mentioned in evidence, notably a gold coin and unrepaid loans made by appellant to relatives, were not disposed of by the court's findings and decree. The trial court must set apart separate property and divide the marital property. § 452.330.1. It is to divide all of the property, making specific findings as to each asset or class of assets whether a particular item is subject to division by the court or is non-marital property. *Schulz v. Schulz,* 612 S.W.2d 380, 382 (Mo.App.1980);

*Fields v. Fields,* 584 S.W.2d 163, 166 (Mo. App.1979). In failing to do so, the trial court did not exhaust its jurisdiction. *Id.* at 167.

Finally, appellant complains of the court's award of over $8,000 in attorney's fees and costs to respondent. He argues that respondent was in the financial position to pay her own fees and costs. It is true that an award of attorney's fees in a dissolution action is discretionary with the trial court, *Stitt v. Stitt,* 617 S.W.2d 645, 647 (Mo.App.1981) and is reviewed only for abuse of discretion. *In re Marriage of Zuniga,* 622 S.W.2d 705, 706 (Mo.App.1981). The parties' financial resources are a factor, however, in any determination of attorney's fees. *In re Marriage of Arnold,* 632 S.W.2d 28, 29 (Mo.App.1982). Since the trial court must redesignate, redetermine, and redistribute the parties' property, we reverse the award of attorney's fees. After determination of the property interests, respondent's request of attorney's fees and costs may be reconsidered. § 452.355 RSMo 1978.

On the record before us we are unable to render a fair judgment. *Rogers v. Rogers,* 573 S.W.2d 425, 426 (Mo.App.1978). In view of the errors made, we remand for the trial court to redetermine the division of property in accordance with this opinion, taking into consideration the amendment to § 452.330.3 effective September 28, 1981. The trial court may also reconsider the matter of attorney's fees and costs.

SIMON, P.J., and STEPHAN, J., concur.