**Robert F. WEAST,
Petitioner/Cross-Appellant,**

v.

**Joann Louise WEAST,
Respondent/Appellant,**

and

**Ronald E. Forquer and Carl D. Weast,
Third-Party Respondents.**

No. 48226.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Feb. 26, 1985.

Mary Ann Weems, Clayton, for respondent/appellant.

Gary H. Lange, Bartley, Goffstein, Bollato & Lange, St. Louis, for petitioner/cross-appellant.

CRIST, Judge.

This is a consolidated appeal by husband and wife from the circuit court's order entered, after remand from this Court, redistributing marital property, setting aside separate property and awarding attorney's fees in a marriage dissolution action. We modify and affirm.

A decree of dissolution of marriage was entered on April 22, 1982. Husband appealed. This court entered an order on July 12, 1983 reversing and remanding the decree for redistribution of marital property. The case was returned to Division No. 4 of the Circuit Court of St. Louis County. The original trial judge had retired. The new circuit judge of Division 4 did not retry the case or take additional evidence. On November 9, 1983, the court entered an Amended Decree of Dissolution redistributing the marital property and an Order for attorney's fees as previously entered in the original action. On January 3, 1984, the court overruled husband's motion to amend the judgment and wife's motion for new trial or to amend. Husband and wife individually appeal to this court once again.

The parties were married in 1957, had no children and dissolved their marriage in 1982. At the time of the dissolution, both parties were self supporting, and no maintenance was granted. Both parties acknowledged having an extramarital relationship. The trial court made an ostensibly disproportional division of marital property in favor of husband, awarding wife $73,000 in separate property and $109,155 in marital property as contrasted with husband's receiving $231,000 in marital property. Husband appealed the original judgment. It was reversed as to division of property and remanded. *Weast v. Weast*, 655 S.W.2d 752 (Mo.App.1983).

On remand, the new trial judge, without taking additional evidence, used a percentage formula to redistribute the marital property. The court determined the original decree awarded wife 44 percent of the total property (separate property $73,-000 and marital property $109,155) and awarded husband 56 percent of the total ($231,000 in marital property). The court applied this 44–56 percent combined separate and marital property as a realignment formula which supposedly was mandated by *Weast v. Weast, supra.* This formula was improperly applied in that wife's separate property was her property and should not have been included in the same category as husband's marital property and wife's marital property. Section 452.330, RSMo 1978 requires the trial court to set aside to each spouse his separate property. The marital property is then divided after consideration of all relevant factors. *In Re Marriage of MacBeth*, 622 S.W.2d 720, 723 (Mo.App.1981).

The trial court may consider the economic circumstances of each spouse at the time the property is divided. Section 452.330.1(3), RSMo 1978. However, the circuit judge has no jurisdiction to enter a decree apportioning as marital, property which is separately owned by either party. *In Re Marriage of Schulz*, 583 S.W.2d 735, 742 (Mo.App.1979). On remand the trial judge improperly combined separate with marital property to create the 44–56 percent formula. We do not believe the second trial judge has made an equitable division of the marital property.

Husband contends a $2,047.00 loan to his brother and the $750.00 proceeds of a

lawsuit for alienation of affection should not have been declared marital property. Husband also questions the trial court's reinstating the order for husband to pay wife's attorney's fees. In dividing the loan proceeds, the trial court was following its mandate. *Weast v. Weast,* 655 S.W.2d 752, 757 (Mo.App.1983). Awarding attorney's fees is within the trial court's informed discretion. *Id.* We need not address the lawsuit proceeds as de minimis in nature. Whether certain additional items awarded husband were separate or marital property is not of such consequence to change the decree.

Wife objects to the second trial judge's use of percentages from the original decree. Both husband and wife find error in the court's redistributing the proceeds of a farm in Macoupin County, Illinois.

■ The original decree ordered the Illinois farm sold and the net proceeds divided equally between husband and wife. The amended decree awarded wife a fixed share of $17,600 of the net proceeds of the sale of the farm and approximately 83 percent of the net value to husband. This created a shift of $33,900 from wife to husband from the original decree. To reach these results the court applied its erroneous 44–56 percent formula.

We realize a trial court is better equipped to ascertain proper division of marital property and are reluctant to step into this litigation. Yet, this case has had the benefit of two appeals. The original transcript is on file with this court. And, justice requires there be an end to dissolution litigation.

Accordingly, the amended decree of dissolution of marriage is hereby modified and amended to provide husband and wife shall each receive 50 percent of the net proceeds of the sale of the farm in accordance with the original decree. Such a ruling is within our purview. *T. v. T.,* 447 S.W.2d 795, 796 (Mo.App.1969).

Judgment affirmed as modified.

DOWD, P.J., and CRANDALL, J., concur.