Jerry Maxine TUBBS, Respondent,

v.

George Arthur TUBBS, Appellant.

No. WD 39968.

Missouri Court of Appeals,
Western District.

July 26, 1988.

J.D. Williamson, Jr., Independence, for appellant.

Jerome F.X. Waterman, Kansas City, for respondent.

Before KENNEDY, C.J., and CLARK and BERREY, JJ.

PER CURIAM.

George Arthur Tubbs appeals portions of the decree dissolving his twenty-one year marriage to Jerry Maxine Tubbs. The husband contends that the trial court erred in designating nonmarital property, dividing marital property, and awarding maintenance to the wife.

Portions of the decree are reversed and remanded with directions.

In the dissolution decree, the trial court determined issues of child custody, maintenance, and the status and division of property. The court declared the Tubbs' son to be emancipated, awarded custody of their daughter to the wife, and ordered the husband to pay monthly child support of $237.50. To the wife the court awarded

monthly maintenance in the amount of $350 for six years. Each spouse was to retain his/her own pension plans and life insurance policies and was required to pay his/her own attorney's fees. Dividing martial personal property valued at $31,507.46, the court apportioned items valued at $10,-225.23 to the wife and items valued at $21,252.23 to the husband. The court found an interest in a ten-acre tract of land to be nonmarital property belonging to the wife, acquired by gift from her parents. During the marriage, the Tubbs built a house and a barn on three acres of that tract of land. Considering the husband's share of the martial personal property and his misconduct during the marriage, the court awarded the equity in the house and barn to the wife, but absolved the husband from mortgage payments.

The husband contests the characterization of the interest in the ten-acre tract of farm land as the wife's nonmarital property. The property interest was acquired after fifteen years of marriage when the wife asked her parents for her inheritance. The wife's parents owned a 38–acre farm in Grain Valley and had planned to divide the land among their four children. The Tubbs wanted to build a home on the land and to send their children to the Grain Valley school district. The parents deeded ten acres of their farm to themselves as husband wife and to the Tubbs as husband and wife with all as joint tenants. Several years later, the parents conveyed another ten-acre tract of their farm property to their son.

After the conveyance, the Tubbs obtained construction loans and built a house and later a barn on three acres of the property. The Tubbs, the wife's parents, as well as subcontractors took part in the building. For six years until their separation, the Tubbs and their children lived in the house.

At the dissolution hearing, stipulated testimony indicated that the parents did not intend to make a gift to the husband and that they included his name on the deed only to facilitate financing for construction.

■ With regard to the interest in the ten acres, the husband argues that the wife failed to overcome the presumption of marital property by clear and convincing evidence. Section 452.330.2, RSMo 1986, defines marital property as all property acquired by either spouse subsequent to the marriage. Among the exceptions is property acquired by gift, bequest, devise, or descent. However, a gift to both spouses is presumed to be marital property. *Forsythe v. Forsythe*, 558 S.W.2d 675, 678 (Mo.App.1977). Generally, a conveyance to a husband and a wife results in a joint ownership by the entirety and the language of the deed controls as to the interest of the grantor. *Id.* Section 452.330.3 departs from the general rule and authorizes the court to look behind the deed of property acquired during the marriage to determine if it was acquired by a method listed in § 452.330.2 and so exempt from division. *Id.* The wife, therefore, is confronted with overcoming two presumptions: the presumption of marital property and the presumption of joint ownership created by the language of the deed.

There is clear and convincing evidence to show that the wife's parents intended to make no gift to the husband. The trial court accepted the parents' stipulated testimony that they intended to give a property interest to the wife only and included the husband's name on the deed to help the Tubbs obtain financing. Other evidence supported the stipulation. The ten acres was a part of the parents' farm which they planned to divide among their own children. The fact that the parents conveyed only an *interest* in the ten-acre parcel is of critical importance. The husband relies principally on *Forsythe*, 558 S.W.2d at 677–678, in which parents conveyed their *entire* interest in a tract of land to both spouses creating a tenancy by the entirety. Here, the parents' remaining on the deed manifested their intention to restrict alienation of the property and to keep it in their family.

■ Even though the evidence clearly establishes the parents' intent to convey an interest in the ten-acre tract to the wife alone, the wife fails to overcome the pre-

sumption of marital property with regard to her interest in the three acres on which the house and barn were built. A spouse may by agreement or by gift transmute separate property into marital property. *Weast v. Weast,* 655 S.W.2d 752, 755 (Mo. App.1983); *Daniels v. Daniels,* 557 S.W.2d 702, 704 (Mo.App.1977). The evidence shows that the wife contributed her separate interest in the three-acre parcel to the marital estate. The wife made no effort to segregate the three acres from marital assets. The Tubbs used the land to establish a family homestead. They contributed the proceeds from the sale of their first marital home to the building of the new house on the land. They jointly obtained financing for the construction. They both participated in the actual construction work. They used marital funds to repay the loans. They lived on the property with their children for six years. Neither spouse disputed that the house and barn were marital property. The trial court determined the structures to be marital property. The wife's interest in the three acres on which the house and barn were built became marital property through transmutation.

The trial court erred in classifying the interest in the three acres as the wife's nonmarital property. The other points raised by the husband regarding division of marital property and maintenance are affected by this error. Section 452.330.1 directs the trial court to first set apart to each spouse his/her property, then to divide the marital property. When awarding maintenance pursuant to § 452.335, the trial court must determine whether the spouse seeking maintenance lacks sufficient property, including marital property apportioned to him/her.

▪ Upon the evidence adduced this court is unable to fashion an appropriate remedy pursuant to Rule 84.14. The decree attributes a value of $15,000 to the land set aside as the wife's nonmarital property. It is unclear whether this amount applies to the entire ten-acre tract or to the three-acre tract and how the amount was determined. Those portions of the decree relating to the designation of the interest in the three-acre tract of land as the wife's nonmarital property, the division of marital property, and the award of maintenance to the wife are reversed and remanded. Upon remand the trial court should determine the value of the husband's *interest* in the three-acre parcel, redistribute the marital property accordingly, and redetermine the issue of maintenance.