Steven B. CASPER,
Appellant/Respondent,

v.

Roen Darlene CASPER,
Respondent/Cross–Appellant,

and

Thomas L. Rose and Vicci Rose,
Respondents/Cross–Appellants.

No. WD 42431.

Missouri Court of Appeals,
Western District.

July 10, 1990.

Dennis J. C. Owens, Kansas City, for appellant, respondent.

Paul W. Kuhlman, Liberty, for respondent, cross-appellant.

Jack Richard Grate, Jr., Independence, for respondents, cross-appellants.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

This appeal arises from an underlying action on a motion to modify a decree of dissolution in the marriage of Steven Bruce Casper and Roen Darlene Casper, and a motion to cite Steven Casper for contempt. Roen Casper sought to have Steven Casper found in contempt for failing to comply with the terms of court ordered visitation. She also sought to have custody of the parties' minor children transferred from Steven Casper to herself or in the alternative, her parents, Thomas L. Rose and Vicci Rose. The maternal grandparents, Thomas and Vicci Rose, were granted leave to intervene and the two actions were consolidated.

At the conclusion of the proceedings below, the trial court found Steven Casper in contempt and entered an order changing custody from Steven Casper to Thomas and Vicci Rose. The court also ordered that Steven Casper pay a sum as partial payment of the Roses' attorney's fees incurred in the action. Steven Casper, as Appellant/Respondent herein, appeals the court's order changing custody. Roen Casper and Thomas and Vicci Rose, as Respondents/Cross–Appellants herein, appeal the award of partial attorney's fees.

The marriage of Steven and Roen Casper was dissolved on February 27, 1987. Steven Casper was awarded custody of their two minor children, Joseph Thomas Casper, born January 14, 1980, and Mark Anthony Casper–Beck, born June 29, 1984. Roen Casper was awarded reasonable rights of visitation with the children, either in the presence of Steven or in the presence of the children's maternal grandparents, Thomas and Vicci Rose.

On May 27, 1988, the court's original order was modified granting Steven Casper authority to move with the children to the State of Kansas and granting Thomas and Vicci Rose "temporary custody" of the minor children on alternate weekends and for a two week period on an annual basis. Roen Casper was allowed visitation during the periods that Thomas and Vicci Rose had "temporary custody" of the children.

On June 22, 1988, the court entered a "Corrected Order Modifying Decree". The corrected order provided that Steven Casper was to provide all transportation to and from the home of Thomas and Vicci Rose to effect their visitation rights.

On December 19, 1988, Roen Casper filed a motion to cite Steven Casper for contempt, alleging that he had failed to comply with the Court ordered visitation. Then on March 3, 1989, Roen Casper filed a motion to modify, requesting that custody of the children be awarded to her, or in the alternative, to her parents.

The court entered an Order to Show Cause, directed to Steven Casper, on March

15, 1989. On April 20, 1989, Steven Casper filed a response to Roen's motion to modify and the Show Cause order alleging that any failure to comply with the court's previous order was undertaken in the children's best interest.

A guardian ad litem was appointed on behalf of the children and Thomas and Vicci Rose were granted leave to intervene. Evidence was heard on Roen Casper's motions to modify and cite for contempt.

On August 2, 1989, the court entered its order finding Steven Casper in contempt and changing custody of the children from Steven Casper to Thomas and Vicci Rose.

## I.

■ In his appeal, Steven Casper argues in his only point relied on that "[t]he Circuit Court erred in awarding custody of the minor children to their maternal grandparents, in that the Court's Order was not supported by substantial evidence, was against the weight of the evidence, and was not in the best interest of the minor children as mandated by Missouri law."

Rule 84.04(d) provides as follows:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous ...

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Statements such as that in Steven Casper's point relied on present only an abstract statement of the law which fails to comply with Rule 84.04(d) and preserves nothing for review. *Best v. Culhane*, 677 S.W.2d 390, 394 (Mo.App.1984). Nonetheless, this point will be reviewed ex gratia.

The scope of review herein is as set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and the trial court's judgment is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. All conflicts in evidence are for the trial court and all facts should be taken in accordance with the results of the trial court, in favor of the prevailing party and contradictory evidence should be disregarded. *Trenton Trust Co. v. Western Surety Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980). The facts taken in accordance with the judgment of the trial court clearly support the court's order.

Steven Casper failed to deliver the children for visitation as ordered by the court on numerous occasions. He scheduled events and activities, which he demanded the children attend, that conflicted with court ordered visitation. He moved the children to the State of Florida without authority from the court and without giving their mother or their maternal grandparents their address or telephone number. Steven Casper had obtained a birth certificate in a fictitious name, a Kansas driver's license in the same fictitious name and attempted to obtain a false social security card. He admitted that his thought in obtaining these documents was to drop out of sight and hide with the children.

A psychologist testified that the children were suffering from depression and that it was not in the children's best interest to not tell their mother and grandparents where the children were for a four or five month period as Steven had done.

The trial court stated that it found Steven Casper's testimony was "incredible and unbelievable".

Steven Casper's appeal is without merit and it is denied.

## II.

■ In their appeal, Roen Casper and Thomas and Vicci Rose, argue that the trial court erred in only awarding them partial attorney's fees.

This cause was initiated by Roen Casper filing a motion to cite Steven Casper for contempt for his failure to comply with the court ordered terms of visitation. Roen Casper subsequently filed a motion to modify requesting a change of custody. Thomas and Vicci Rose were granted leave to

intervene in the matters before the court, as co-respondents joining with Roen Casper, and a consolidated hearing was held.

The court found Steven Casper in contempt for having denied and interfered with visitation granted in its previous order. The court also modified its previous order in regard to custody and visitation, transferring custody of the children from Steven Casper to Thomas and Vicci Rose.

Roen Casper and Thomas and Vicci Rose were found to have incurred reasonable attorney's fees in excess of $7500 and Steven Casper was ordered to pay $3000 toward these fees. Roen Casper and Thomas and Vicci Rose argue that they were entitled to an award of the entire amount of their attorneys' fees.

Section 452.400 relating to contempt actions and § 452.355 relating to dissolutions and motions to modify are relevant to the question raised in this point.

Section 452.400 provides, in pertinent part, that when the court finds in a contempt action that its order of visitation has not been complied with, without good cause, "[t]he attorneys' fees and costs of a proceeding to enforce visitation rights shall be assessed against the parent who unreasonably denies or interferes with visitation". The use of the word "shall" in a statute is generally indicative of a mandate. *State ex rel. Dreer v. Public School Retirement System*, 519 S.W.2d 290, 296 (Mo.1975).

Section 452.355 provides, in pertinent part, that in dissolution actions and motions to modify, the court "after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount ... to the other party ... for attorneys' fees ...". An award of attorneys' fees pursuant to § 452.355 is discretionary with the trial court and is reviewed only for an abuse of discretion. *Weast v. Weast*, 655 S.W.2d 752, 757 (Mo.App.1983).

When the court has before it both a contempt action and a motion to modify, it is not mandatory that the court order a party, found to be in contempt for interfering with visitation, to pay all of the other

party's reasonable attorneys' fees attributable to the entire proceeding. It is within the discretion of the court to determine the amount of attorneys' fees attributable to the contempt action, and after considering all relevant factors, to exercise its discretion in determining whether or not to allow attorneys' fees in regard to the motion to modify.

The trial court did not err under the circumstances of the case at bar by awarding Roen Casper and Thomas and Vicci Rose partial attorneys' fees in the amount of $3000.

The judgment of the trial court is affirmed.

All concur.