Cynthia Smyrniotis MOSELEY,
Petitioner–Respondent,

v.

Warren George MOSELEY,
Respondent–Appellant,

and

Moseley & Moseley, P.C.,
Defendant–Appellant.

No. 56179.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Ewing, Carter, McBeth, Smith, Gosnell, Vickers and Hoberock, Lynn M. Ewing, III, Nevada, for respondent-appellant.

Theodore M. Tahan, Jr., Clayton, for petitioner-respondent.

KAROHL, Judge.

Husband, Warren Moseley, and Moseley and Moseley P.C. [M & M P.C.] appeal one provision in a Decree of Dissolution. The parties were married in 1974. They separated in 1985 and the decree of dissolution was entered on December 29, 1988. A lengthy decree was entered without the benefit of a Separation Agreement. The trial court recognized and distributed various items of marital and separate property. Appellants claim the court erred in finding a substantial asset to be wife's separate property.

Husband and M & M P.C. claim the court erred in finding and holding the following:

3. *Separate Property.*

(a) The Court finds, based on the evidence presented to it in documents and the testimony of independent witnesses and Wife, that there is separate property over which the Court has jurisdiction which belongs to Wife and which is hereby set aside to Wife, to-wit: certain stock rights represented by a 6% interest in certain Horizon CATV Franchise Systems acquired by Husband, pursuant to an Agreement dated September 5, 1979, among Horizon Communications Corporation, Horizon Communications of Missouri, Wayne L. Millsap, and Husband, as modified by Modification of Agreement, dated July 23, 1980.

The Court finds that such property was gifted to Wife by Husband on May 23, 1985, by a Deed of Gift, and that the delivery and acceptance of the gift was testified to by Wife and several independent witnesses. The Court finds that there was insufficient evidence presented by Husband to rebut the presumption of gift. The Court, therefore, holds that the 6% interest in the CATV stock rights was the sole and separate property of Wife as of May 23, 1985.

Husband and M & M P.C. attack this finding and award of separate property from two alternative approaches. First, they claim husband did not own the CATV stock rights, which he acquired by contract of September 5, 1979, when he executed a Deed of Gift to wife on May 23, 1985. In the alternative, if husband did own the CATV stock rights at the time of the purported gift then there was insufficient evidence to support the legal conclusion a gift was made.

We review appellants' assignments of trial court error as required by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where testimony conflicts may be resolved only by a finding of credibility we defer to the trial court. While applying the substantial evidence and weight of evidence requirements of Rule 73.01 we acknowledge factual decisions of the trial court should be set aside with caution and upon a firm belief the decree is wrong. *Murphy* 536 S.W.2d at 32.

Both husband and wife are licensed attorneys. They engaged in the practice of law under the firm name of Moseley and Moseley, P.C. from July 14, 1977 until August 30, 1985. On August 30, 1985 wife resigned as a director, president and registered agent. She retained her status as a shareholder. Husband continued as a director, officer and shareholder.

Two documents executed by husband are germane to the finding the CATV stock rights were separate property of wife. The first is the September 5, 1979 written contract between Horizon Communications Corporation, Horizon Communications Corporation of Missouri, husband, and Wayne L. Millsap. M & M P.C. was an operating corporation on that date. However, the contract is an agreement by Horizon Corporations to compensate husband and Wayne L. Millsap, attorneys, for their services in procuring franchises for cable television in the St. Louis metropolitan area.

The contract contains a provision for a weekly retainer, a schedule of charges, and a repayment of expenses. The contract also contains a special stock bonus which is the source of the asset now in dispute. In addition to retainer payments, per diem payments, and reimbursement of expenses, "Counsel will receive ... as a special incentive bonus, a ten percent (10%) equity inter-

est in any franchises obtained by HORIZON COMMUNICATIONS CORPORATION, HORIZON COMMUNICATIONS CORPORATION OF MISSOURI, and any of their subsidiaries ... in the St. Louis metropolitan area ... [with some stated exceptions]." The contract does not mention M & M P.C. The contract was executed by the president and chairman of the board of each Horizon Corporation, and by husband individually.

The second relevant document is a Deed of Gift executed May 23, 1985 by husband declaring:

### DEED OF GIFT

KNOW ALL MEN BY THESE PRESENTS that the undersigned, WARREN G. MOSELEY of 200 South Brentwood, 13D; Clayton, MO 63105 has given and gave and by these presents does give to CYNTHIA SMYRNIOTIS MOSELEY all right, title, and interest that he may have in a certain agreement dated September 5, 1979, effective July 14, 1979, between WARREN G. MOSELEY, WAYNE L. MILLSAP, and HORIZON COMMUNICATIONS CORPORATION, relating to ownership of certain cable television franchises (hereinafter referred to as "Property").

And WARREN G. MOSELEY hereby covenants and agrees with CYNTHIA SMYRNIOTIS MOSELEY to warrant and defend title to the property conveyed unto CYNTHIA SMYRNIOTIS MOSELEY against all and every person and persons whomsoever.

WARREN G. MOSELEY hereby warrants and represents to CYNTHIA SMYRNIOTIS MOSELEY that the title to the interest conveyed is good, its transfer is rightful and is being delivered free and clear from any security interest or other lien or encumbrance.

IN WITNESS WHEREOF I have hereunto set my hand and seal this 23 day of May, 1985.

/s/ Warren G. Moseley
Warren G. Moseley

STATE OF MISSOURI
SS.
COUNTY OF ST. LOUIS

Warren G. Moseley, being duly sworn, deposes and says:

1. That he resides at 200 South Brentwood, 13D; Clayton, MO 63105.

2. That he is authorized to make the sale herein described.

3. That he has the full right to sell and transfer the interest in said Property.

4. That the Property is free and clear of all security interests, liabilities, obligations, and encumbrances.

5. That there are no judgments against Warren G. Moseley in any court of the State of Missouri or in the United States of America and there are no replevins, attachments, executions, or other writs or processes issued against Warren G. Moseley; that he has not filed any petition in bankruptcy, nor has any petition in bankruptcy been filed against him and that he has not been adjudicated a bankrupt.

6. That this affidavit is made to induce Cynthia Smyrniotis Moseley to accept the transfer this Property pursuant to this Deed of Gift.

/s Warren G. Moseley
Warren G. Moseley

On May 23, 1985, before me appeared Warren G. Moseley, to me personally known who stated: 1) that he [is] authorized to execute this Deed of Gift and made the representations herein, and 2) that he is doing so as his free act and deed.

/s/ Charlotte Schleicher
Notary Public
State of Missouri
Commissioned in the County
of St. Louis

My Commission Expires:
3-24-86

■ Husband and M & M P.C. first claim the court erred in finding the CATV stock rights were separate property by virtue of a Deed of Gift in that "the decision

is against the weight of the evidence and there is insufficient evidence to support it, because ... the property belonged to Moseley & Moseley P.C. and not Warren Moseley." This claim of error fails because there was substantial evidence the CATV stock rights belonged to husband, not M & M P.C. and were transferred by Deed of Gift to wife.

First, the contract creating the CATV stock rights was executed by husband in his name individually. Second, husband executed a Deed of Gift which recites he had title, the right to sell and transfer the interest, and his title was free and clear of any security interests. Third, wife testified the CATV stock rights were the property of husband under the 1979 contract, and were never transferred to M & M P.C. Fourth, three independent witnesses testified husband stated his intention to transfer the rights to wife by gift. Fifth, husband furnished Mark Twain Banks with personal financial statements in December, 1979, July, 1982, May, 1983 and November, 1983. On each financial statement husband represented he individually owned the CATV stock rights.

This evidence fully supports the implied finding husband owned the CATV stock rights at the time he transferred them to wife by gift. The court was not bound to accept conflicting evidence offered by husband. For example, husband offered a document purporting to assign the CATV stock rights from himself to M & M P.C. effective November 15, 1985. Wife testified she prepared and signed the documents before the gift. She did so anticipating husband would assign his rights under the 1979 contract to M & M P.C. He refused and wife put the papers in her office desk unsigned by husband. According to her testimony the CATV stock rights were gifted to her before she left M & M P.C. and before husband executed the assignment. The trial court was free to accept wife's explanation and disregard husband's conflicting evidence. Point denied.

■ Husband and M & M P.C.'s second point challenges the finding husband failed to rebut the presumption of gift. Husband contends this impermissibly shifted a bur-

den to him because it conflicts with the provisions of § 452.330.3 RSMo 1986. This section provides property acquired by either spouse during marriage is presumed marital. The burden is on the party attacking the statutory presumption to show it is no longer marital. *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 118 (Mo.App.1982). Further, there must be clear and convincing evidence showing "both parties intend that the property be excluded from their marital property." *Rogers v. Rogers*, 573 S.W.2d 425, 426 (Mo.App.1978). Wife acknowledges her burden of showing by clear and convincing evidence the CATV stock interests were transmuted to her separate property. We find she carried that burden. The judgment of the trial court refers to wife's testimony and that of independent witnesses. We also note the documentary evidence. The inadvertent reference to presumption of gift by the trial court is not controlling because wife offered and the court found substantial evidence of ownership by husband and gift to wife. The comment of the trial court regarding presumption of gift between husband and wife is valid in other legal contexts but is inconsistent with the provisions of § 452.330.3 of the Dissolution of Marriage Act. However, the inconsistency does not negate the court's finding of gift where the finding is based on wife's substantial evidence. Point denied.

■ Husband and M & M P.C. also claim insufficiency of evidence to support a finding husband had donative intent to transfer marital property to his wife, and transmute the property into separate property. Whether a valid inter vivos gift was made is a question of fact. *Cochenour v. Cochenour*, 642 S.W.2d 402, 405 (Mo.App. 1982). The essential elements of an inter vivos gift are: (1) a present intention to make a gift on the part of the donor, (2) a delivery of the property by donor to donee, and (3) an acceptance by donee whose ownership takes effect immediately and absolutely. *Wantuck v. United Savings & Loan Ass'n*, 461 S.W.2d 692, 694 (Mo. banc 1971). The Deed of Gift contains language which unequivocally transfers to wife all of husband's interest in the CATV stock

rights. Husband claims to have a full right to transfer and is doing so to induce his wife to accept the gift. The Deed of Gift alone supports a finding of donative intent. The trial court was not bound to accept husband's claim he merely intended the Deed of Gift to be an estate planning technique or a business transfer, not a true gift. Wife and independent witnesses testified husband expressed his intent to make a gift.

Husband and M & M P.C. acknowledge marital property may be transmuted into separate property by gift because of the exception of § 452.330.2(1) RSMo 1986. However, they claim the Deed of Gift was the only evidence of gift and it was a transfer for consideration, not a gratuitous gift. Husband argues the consideration was wife's promise to preserve the marriage, and therefore, she is not entitled to the exception of property acquired by gift. We need not decide whether this novel argument is sound because there was evidence independent of the Deed of Gift showing husband intended to and did give CATV stock rights to his wife. In addition, the Deed of Gift makes no reference to consideration from donee.

Appellants' final claim of error contends the trial court erred when it awarded the CATV stock rights to wife because those rights belonged to the professional corporation. In support of this argument for M & M P.C. husband claims the trial court had no jurisdiction to distribute a corporate asset in the dissolution proceeding or to impose on husband personal liability for creditors of the corporation.

This argument fails because the trial court found the CATV stock rights were never the property of M & M P.C. There is substantial evidence to support this finding. Further, the trial court had jurisdiction over M & M P.C. because it was a named defendant in the petition for dissolution. Husband's reliance on *Penn v. Penn*, 655 S.W.2d 631 (Mo.App.1983) fails because in that case the corporation was not a party. Here the parties tried the dissolution case without contesting M & M P.C. was not a proper party. Point denied.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.